77251. IN THE INTEREST OF J. A. B.
(374 SE2d 839)

CARLEY, Judge.

Appellant is the mother of a minor child. The juvenile court adjudicated appellant's child to be deprived, and entered an order placing the child in the custody of the Department of Family and Children Services. Some twenty months later, the juvenile court terminated appellant's parental rights and appellant appeals from that order.

1. Appellant enumerates the termination of her parental rights as erroneous, urging an absence of clear and convincing evidence which would support such an order.

"This court has long recognized that termination of parental rights is a severe measure. [Cit.] 'There is no judicial determination which has more drastic significance than that of permanently severing a natural parent-child relationship. It must be scrutinized deliberately and exercised most cautiously. When we do this, we make a decision on human frailties and their consequences. It becomes an agonizing undertaking.' [Cit.]" *In re N. F. R.*, 179 Ga. App. 346, 348 (2) (346 SE2d 121) (1986). The juvenile court's termination of appellant's parental rights must be based upon clear and convincing evidence which supports the following findings: "(i) The child is a deprived child . . .; (ii) The lack of proper parental care or control by [appellant] is the cause of the child's status as deprived; (iii) Such cause of deprivation is likely to continue or will not likely be remedied; and (iv) The continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child." OCGA § 15-11-81 (b) (4) (A). If clear and convincing evidence of these elements exists, the juvenile court must then have given consideration to the best interests of the child before it ordered the termination of appel-

lant's parental rights. See OCGA § 15-11-81 (a).

The previous order of the juvenile court adjudicating the child to be deprived satisfies the evidentiary requirement as to the first statutory finding. *Wynn v. Dept. of Human Resources*, 149 Ga. App. 559 (254 SE2d 883) (1979). With regard to the remaining three elements of OCGA § 15-11-81 (b) (4) (A), a review of the record shows the existence of clear and convincing evidence that appellant's lack of parental care or control was the cause of the deprivation, that such deprivation was likely to continue, and that the continued deprivation would cause serious harm to the child. The testimony of the case workers and appellant, especially when viewed in conjunction with the testimony of a clinical psychologist, is clear and convincing evidence of appellant's unwillingness to accept the truth of the facts which underlay the earlier determination of deprivation, which unwillingness was both a cause of the deprivation and a factor which rendered the deprivation likely to continue should the child ever be returned to appellant's home.

"On review of such a decision [terminating parental rights], the standard is whether after viewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parents' rights to custody have been lost. [Cit.]" *In the Interest of J. L. Y.*, 184 Ga. App. 254, 255 (1) (361 SE2d 246) (1987). There being clear and convincing evidence in the record to support the juvenile court's termination of appellant's parental rights, this enumeration is without merit. See *In the Interest of S. G. & T. G.*, 182 Ga. App. 95 (354 SE2d 640) (1987).

2. Appellant's remaining enumeration has been considered and found to be without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 31, 1988.

*John B. Degonia, Jr.*, for appellant.

*John R. Laseter, Billy J. Waters, Stephen Noel, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.