A89A0756. IN THE INTEREST OF J. L. G. et al.
(383 SE2d 376)

POPE, Judge.

Appellant is the mother of four minor children. The juvenile court terminated appellant's parental rights in the two youngest children, a six-year-old boy and eight-year-old girl, and the mother appeals.

1. The record shows that the Department of Family and Children Services (DFCS) first became involved with the mother and her four children in January 1985. In April 1985 the mother voluntarily placed the children in foster care. The two older children returned to the care of the mother for a short period in 1985 but temporary custody was then returned to DFCS. On August 6, 1985, the parents of the children stipulated that they were unable to provide food, clothing, housing or parental supervision for the children and the juvenile court entered an order adjudicating the children to be deprived and placed the children in the custody of DFCS.

A petition to terminate parental rights was filed on February 19, 1988. Following several continuances, a hearing was held on the termination petition on June 7, 1988. At that time a psychologist testified concerning the mother's lack of progress and her continued inability to care for herself without assistance. An order was entered on June 9, 1988, pursuant to which the parties agreed to a 120-day continuance and which directed the mother to comply with the following reunification plan: 1) obtain an adequate residence with an appropriate sleeping area for the children within thirty days of the hearing; 2) have bi-monthly visits with the children; 3) remit child support payments on a weekly basis for each child; 4) confirm stable employment for a minimum of 95 days, as evidenced by pay stubs; and 5) contact the DFCS worker weekly.

On October 20, 1988, another hearing was held on the termination petition. At that hearing a DFCS caseworker testified concerning the mother's compliance with the court's previous order. Specifically, the caseworker testified that the mother did not fully comply with any of the terms of the order, although in recent weeks she had been visiting with the children and making child support payments. The mother testified that she had obtained employment and that she was

trying, with the help of her new husband, to properly care for the children when they visited. The court also heard testimony from another caseworker that the younger children had missed out on initial bonding with their mother and their relationship to her was not "cemented."

Following that hearing, the trial court entered an order on November 15, 1988, terminating the parental rights of the mother in the two younger children, and providing for a reunification plan for the older children. On appeal the mother challenges the sufficiency of the evidence, specifically as to whether the evidence supported a finding of present unfitness. Although the mother's brief contains no citation to the record in support of her argument, her argument is apparently based on the fact that the trial court, in its order terminating the mother's parental rights, recited the history of the case in great detail beginning with the initial contact with the family in 1985 up until the time the order was entered. However, it is clear from our reading of both the order and the record that the court's order was not based upon events that occurred in 1985, but on the continued and unresolved parental unfitness and inability to care for the children from 1985 until the time the order was entered, including the mother's failure to comply with the court's most recent reunification plan. See OCGA § 15-11-81 (b) (4) (C) (iii).

"[T]he appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost. . . . The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test . . . , is not met. When we apply that test here we note the conflicting evidence presented to the trial court and conclude that a rational factfinder could have found by clear and convincing evidence [parental misconduct or inability as provided by OCGA § 15-11-81 (b).]" (Indention omitted.) *In re B. D. C.*, 256 Ga. 511, 512-513 (350 SE2d 444) (1986). See also *In the Interest of J. M. K.*, 189 Ga. App. 140 (375 SE2d 131) (1988); *In the Interest of J. A. B.*, 189 Ga. App. 79 (1) (374 SE2d 839) (1988); *In the Interest of S. G.*, 182 Ga. App. 95 (354 SE2d 640) (1987).

2. Appellee's motion to dismiss this appeal based upon the mother's failure to provide references to the record or transcript in her brief as required by Court of Appeals Rule 15 (a) (1) and 15 (c) (3), is hereby denied. See *Justice v. Dunbar*, 244 Ga. 415 (260 SE2d 327) (1979); *Gerdes v. Dziewinski*, 182 Ga. App. 764 (1) (357 SE2d 110) (1987).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 19, 1989.

*Charles V. Gandy, Jr.*, for appellant.
*Sandra M. Gentry, Philip J. Wydro, Rebecca P. Dally, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellees.