A89A2062. IN THE INTEREST OF C. M., a child.
(391 SE2d 26)

POPE, Judge.

The appellant brings this appeal from an order of the Juvenile Court of Fannin County terminating his parental rights with respect to his eleven-year-old daughter.

The Department of Family & Children Services (DFCS) first obtained custody of C. M. in April 1985 following the death of her mother, appellant's wife. At that time the juvenile court determined the child to be deprived and a plan was implemented to reunite her with appellant. Appellant, however, was incarcerated shortly thereafter and was not released until April 1986.

A DFCS caseworker testified at the termination hearing that following appellant's release from jail, a plan was again implemented to reunite appellant with his child. This plan included the stipulations that appellant would receive counseling, would quit drinking, and that appellant's new wife would be in the home. Pursuant to this plan, in October 1986 physical custody was returned to appellant and legal custody was retained with DFCS. The appellant took the child to Cherokee County, North Carolina, where he and his wife resided at that time. Approximately two weeks later, however, appellant returned with the child to Fannin County following a domestic dispute with his wife. He took the child to his brother's house, where a DFCS caseworker picked her up and returned her to foster care. According to the testimony of the DFCS caseworker, appellant has not seen the child since that date and has not contacted him concerning the child, with one exception following appellant's incarceration in November 1987 for DUI, driving left of centerline, attempting to elude and being an habitual violator. Testimony was presented that from April 1985 until the time of the termination hearing on March 20, 1989, appellant had been incarcerated for approximately two years and four months. At the time of the hearing he had between one and six months remaining to serve on the sentence he received following the November 1987 offenses.

The DFCS worker also testified that he attempted to contact appellant on several occasions, both at his work and at appellant's fa-

ther's home, and that he sent him several letters. Further testimony was presented that appellant never offered any support for the child, that he never sent her toys, clothes, books or Christmas or birthday presents.

Appellant admitted that the child was initially removed from his custody because of his drinking, but stated he had been attending AA meetings while incarcerated. Contrary to the testimony of the DFCS worker, appellant testified he made several attempts to contact the worker concerning his daughter, but admitted he never left a message concerning where the worker could contact him. Appellant also testified that he loved his daughter and wanted to regain custody of her.

1. Appellant's first two enumerations of error challenge the sufficiency of the evidence to support the order terminating his parental rights. " '(T)he appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost. . . . The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test . . ., is not met. When we apply that test here we note the conflicting evidence presented to the trial court and conclude that a rational factfinder could have found by clear and convincing evidence (parental misconduct or inability as provided by OCGA § 15-11-81 (b).)' (Indention omitted.) In re B. D. C., 256 Ga. 511, 512-513 (350 SE2d 444) (1986). See also In the Interest of J. M. K., 189 Ga. App. 140 (375 SE2d 131) (1988); In the Interest of J. A. B., 189 Ga. App. 79 (1) (374 SE2d 839) (1988); In the Interest of S. G., 182 Ga. App. 95 (354 SE2d 640) (1987)." In the Interest of J. L. G., 191 Ga. App. 904, 905 (383 SE2d 376) (1989). " 'In a case such as this, a plea of (additional time) to improve is without force to overcome the proof of unrelieved detriment already suffered by the [child] . . . where there is no indication but the promise to suggest hope of improvement.' In re G. M. N., 183 Ga. App. 458, 461 (359 SE2d 217) (1987)." In the Interest of S. L., 189 Ga. App. 361, 362 (375 SE2d 484) (1988). See also In re J. L. W., 170 Ga. App. 886 (318 SE2d 751) (1984).

2. Appellant also contends that the trial court erred in terminating his parental rights because he was "lulled into a false understanding" that DFCS involvement with his daughter extended only to placing her in foster care and that he was unaware that his conduct could result in a complete termination of his parental rights. The DFCS caseworker testified that he made several unsuccessful attempts to contact appellant, and that several months prior to the filing of the

petition to terminate he notified appellant by letter sent to appellant's father's address of the possibility of the termination of appellant's parental rights. Consequently, appellant was given notice in addition to that prescribed by law inasmuch as OCGA § 15-11-83 (c) requires only that a copy of the summons and petition be served on the parent at least thirty days before the time set for hearing on the petition. We find no merit to this enumeration. Accord *In re Wright*, 306 SE2d 825 (6) (N.C. App. 1983).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 13, 1990.

*Roger E. Bradley*, for appellant.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Stephanie B. Manis, Deputy Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General, Dana M. Thompson*, for appellee.