A90A0518. IN THE INTEREST OF C. J. S. & C. M. S., children.
A90A0519. IN THE INTEREST OF C. M. S., a child.
A90A0520. IN THE INTEREST OF C. J. S., a child.
(395 SE2d 35)

BANKE, Presiding Judge.

These appeals arise from a termination of parental rights proceeding initiated by the Georgia Department of Human Resources (DHR) against the natural parents of C. J. S., a boy born on June 24, 1982, and C. M. S., a girl born on November 5, 1983. Following a four-day hearing conducted in August of 1989, the juvenile court terminated the father's parental rights with respect to both children while terminating the mother's parental rights with respect to the daughter

only. Case No. A90A0518 is the father's appeal from that judgment; Case No. A90A0519 is the mother's appeal; and Case No. A90A0520 is an appeal by the DHR from the court's decision not to terminate the mother's parental rights with respect to the son.

At the time of the hearing, both parents were serving prison sentences for molesting the daughter, and the children were in the protective care and custody of the DHR. Although the parents have lived together off and on during most of the children's lifetimes and although the mother uses the father's surname, they both agree that no marriage relationship has ever existed between them. The father admits that he has been sexually involved with numerous other women during the children's lifetimes and that he has sired at least two other illegitimate children as a consequence of such involvement, neither of whom he has ever supported or attempted to contact.

The mother placed the children in the protective care and custody of the Hall County Department of Family & Children Services (DFCS) in March of 1987, after having spent the previous night with them in a public park following an altercation with the father in which he severely beat her in the children's presence. At the termination hearing, the father explained that the mother would not get out of his car, so he "pulled her out of the car and set her ass on the ground," whereupon she hit him with a rock and he "beat the crap out of her." Soon after being placed in foster care, the daughter, who was only three years of age at the time, began making statements indicative of past sexual contact between herself and her father. The child subsequently made statements which suggested that she had also been molested by her mother. As previously indicated, both parents were ultimately found guilty of molesting the child. *Held*:

1. There was clear and convincing evidence to support the termination of the parents' parental rights pursuant to OCGA § 15-11-81 (a) & (b). See generally *In the Interest of J. A. B.,* 189 Ga. App. 79 (374 SE2d 839) (1988); *In the Interest of A. T.,* 187 Ga. App. 299 (370 SE2d 48) (1988).

2. The parents contend that the court's termination order was deficient in that, while it included a finding that the children were deprived due to lack of proper parental care and control, it did not include a finding that such deprivation was likely to continue and to cause serious physical, mental, or emotional harm to the children. See generally OCGA § 15-11-81 (b) (4) (A) (iii & iv). This contention is without merit. The trial court expressly found that the children were "emotionally scarred" as a result of their parents' abusive conduct and specifically concluded that it would be authorized under the provisions of OCGA §- 15-11-81 to terminate the parental rights of both parents with respect to both children.

3. The appellant father enumerates as error the admission of tes-

timony concerning the out-of-court declarations which the daughter had made regarding the alleged sexual abuse which she had experienced. The witnesses to whom these declarations were made included a therapist who had counseled the child soon after she was taken into the protective care and custody of the DFCS in early 1987, the two foster mothers with whom the child had lived during the remainder of that year, and the DFCS caseworker to whom the child's case had been assigned during this period. The father contends that the "circumstances of the statements" did not provide "sufficient indicia of reliability" to warrant their admission under OCGA § 24-3-16. However, we must agree with the trial court that the child's repetition of these statements to these separate witnesses in a generally consistent manner over a period of several months was itself a sufficient indication of reliability to warrant consideration of the statements as evidence. Moreover, it was shown that the child had acted spontaneously and without prompting in broaching the subject of the molestation to the therapist and the two foster mothers, being subjected by them to questioning only for the purpose of obtaining clarification. While the interviews conducted by the caseworker were somewhat more interrogative in nature, they were videotaped, and the trial judge consequently had a full and complete opportunity to determine whether this questioning had been conducted in an improperly suggestive manner. Accordingly, we hold that the trial court did not err in admitting this evidence.

4. The appellant father further contends that the trial court erred in allowing the psychotherapist to state her opinion on the "ultimate issue" of whether the daughter had been molested. This case was not, of course, tried before a jury; and when a judge is sitting as the trier of fact, it is presumed that he considered only legal evidence. See *Simmons v. State*, 249 Ga. 860, 861 (2) (295 SE2d 84) (1982). It is not apparent from the record to what extent, if any, the judge was influenced by this witness' opinion that the child had been molested; however, it is fair to assume that her opinion had considerably less influence on him than did the fact that a jury had found the father guilty of molesting the child beyond a reasonable doubt. In any event, the father's attorney asked this witness the same question on cross-examination and got the same response. Accordingly, this enumeration of error establishes no ground for reversal.

5. The DHR contends that the juvenile court judge abused his discretion in deciding not to terminate the mother's parental rights with respect to the son. The judge made this decision notwithstanding his conclusion that there was "clear and convincing evidence of parental misconduct to justify terminating parental rights as to both children and both parents." However, a finding of parental misconduct or inability, though essential to a termination of parental rights,

will not in and of itself warrant the imposition of this extreme sanction. The juvenile court must additionally determine that "termination of parental rights is in the best interest of the child. . . ." OCGA § 15-11-81 (a). Such a determination may involve considerations which are subjective in nature and thus not readily amenable to appellate review. See *In the Interest of G. K. J.*, 187 Ga. App. 443, 445 (370 SE2d 490) (1988). In the present case, the son, unlike his sister, desired to be reunited with his mother; and there was expert testimony that a "bonding relationship" existed between the two, the severance of which would be detrimental to the child's well being. Confined as we are to the review of the transcript, with no opportunity to speak with or observe the parties, we are loath to second guess the juvenile court judge's judgment on the issue of whether it is in the son's best interests to maintain a relationship with his mother. Consequently, notwithstanding the rather substantial body of evidence tending to show parental misconduct and/or inability on the part of both parents, we hold that the judge did not abuse his discretion in declining to terminate the mother's parental rights with respect to the son.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 25, 1990.

*J. Richardson Brannon*, for appellant (case no. A90A0518).
*L. Eddie Benton, Jr.*, for appellant (case no. A90A0519).
*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Charles W. Smith, Jr., Special Assistant Attorney General*, for appellant (case no. A90A0520).