A90A1203. IN THE INTEREST OF K. P. E. et al., children.
(397 SE2d 39)

McMURRAY, Presiding Judge.

Appellant, the natural mother of K. P. E., C. A. E., T. L. J., R. L. J., and S. R. J., appeals from an order of the Juvenile Court of Lowndes County, Georgia, terminating her parental rights in the children and from the final order of placement entered in the case. *Held*:

Appellant last had custody of her five children in November and December of 1988. At a hearing before the Juvenile Court of Lowndes County on December 7, 1989, caseworkers presented evidence as to the living conditions of appellant and the services provided to her by various agencies in an attempt to allow reunification of the family. The caseworkers presented evidence of a chronic failure to properly clothe, feed, and house the children and as to filthy and infested living conditions.

While appellant concedes that such conditions existed in 1988, she contends that by the time of the juvenile court hearing she had become a better and more reliable mother. However, the juvenile court found more persuasive the findings of a psychologist who had examined appellant and concluded that she is incapable of functioning as an adequate parent due to her mild retardation and alcohol abuse. The psychologist also opined that appellant's limited parenting ability was, due to her alcohol abuse, deteriorating rather than improving. Additionally, evidence was presented concerning the impact of the environment created by appellant upon the development of the children.

"The juvenile court's termination of appellant's parental rights must be based upon clear and convincing evidence which supports the following findings: '(i) The child is a deprived child . . .; (ii) The lack of proper parental care or control by (appellant) is the cause of the child's status as deprived; (iii) Such cause of deprivation is likely to continue or will not likely be remedied; and (iv) The continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child.' OCGA § 15-11-81 (b) (4) (A). If clear and convincing evidence of these elements exists, the juvenile court must then have given consideration to the best interests of the child before it ordered the termination of appellant's parental rights. See OCGA § 15-11-81 (a) . . .

" 'On review of such a decision (terminating parental rights), the standard is whether after viewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parents' rights to custody have been lost. (Cit.)' *In the Interest of J. L. Y.*, 184 Ga. App. 254, 255 (1) (361 SE2d 246) (1987)." *In the Interest of J. A. B.*, 189 Ga. App. 79, 80 (1) (374 SE2d 839). Applying these criteria to the case sub judice we find that they are satisfied. Also, the stipulated summary of evidence and juvenile court's final order of placement show compliance with OCGA § 15-11-90 (a) and that there was no suitable family member with whom the children could have been placed. The juvenile court did not lack clear and convincing evidence to support the termination of appellant's parental rights. See also *In the Interest of B. J. H.*, 194 Ga. App. 282 (1) (390 SE2d 427).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*William D. Edwards*, for appellant.

*Roger E. Douglas, Charles R. Reddick, Michael J. Bowers, Attorney General, Carol A. Cosgrove, William C. Joy, Senior Assistant Attorneys General*, for appellee.