A90A1442. IN THE INTEREST OF J. L. O., a child.

(398 SE2d 853)

McMURRAY, Presiding Judge.

The appellant brings this appeal from an order of the Juvenile Court of Fayette County terminating his parental rights with respect to his three-year-old daughter, J. L. O.

This matter first reached the juvenile court upon petitions of deprivation filed by both the maternal and paternal grandparents of J. L. O. These petitions came on for hearing on March 17, 1989, and the juvenile court entered its findings that: At the time of the hearing the parents of J. L. O. were separated. Custody of J. L. O. had been placed in her mother by virtue of a consent order of the Superior Court of Fayette County, the same being the result of a complaint for prevention of family violence. Thereafter, the mother of J. L. O. had been diagnosed as having an advanced stage of Acquired Immune Deficiency Syndrome (AIDS), apparently as a result of her relationship with appellant who has tested positive as a carrier of the HIV virus. Appellant was found to have had at least one homosexual relationship during his adult years and to have been discharged from the United States Navy on the basis of his being homosexual. Also, appellant has a history of clinical hospitalization for mental disorders and had been hospitalized within the 12 months preceding the hearing and diagnosed as schizophrenic with paranoia. Appellant was found to be an habitual drug user, including marijuana and cocaine. Drug paraphernalia had been removed from appellant's home suggesting drug use in the home. Appellant had also threatened to abduct J. L. O. and to do bodily harm to the child.

The juvenile court concluded that J. L. O. was a deprived child and placed custody with the maternal grandmother. Appellant was ordered to make child support payments and to pay the child's medical expenses.

Thereafter, the maternal grandmother filed a petition to terminate the parental rights of appellant to J. L. O. A hearing was held on October 31 and November 1, 1989.

Based on the evidence presented at the termination hearing the juvenile court found that: Subsequent to the custody hearing in March 1989, appellant had used intoxicating liquors in excess and had twice been convicted of driving under the influence of alcohol. Appellant had not been able to maintain steady employment and had over five employers in the interval between the custody and termination hearings. Also, appellant had participated in the theft of several

paychecks and the forgery of such checks. Threats had been made by appellant to the maternal grandmother of J. L. O. and appellant had failed to pay the child support previously ordered by the juvenile court.

The juvenile court concluded that J. L. O. continued to be a deprived child and that such deprivation was caused by the failure of appellant to exercise proper parental care, was likely to continue and to cause serious physical, mental, emotional, and moral harm to J. L. O., that is, that there was clear and convincing evidence of parental misconduct and inability. The juvenile court also concluded that after considering the physical, mental, emotional, and moral condition and needs of J. L. O. that the termination of the parental rights of appellant was in the best interest of the child.

Appellant appeals the juvenile court order terminating his parental rights with respect to J. L. O. The sole enumeration of error raises the sufficiency of the evidence. *Held*:

" '(T)he appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost. . . . The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test . . ., is not met. When we apply that test here we note the conflicting evidence presented to the trial court and conclude that a rational factfinder could have found by clear and convincing evidence (parental misconduct or inability as provided by OCGA § 15-11-81 (b)).' (Indention omitted.) *In re B. D. C.*, 256 Ga. 511, 512-513 (350 SE2d 444) (1986). See also *In the Interest of J. M. K.*, 189 Ga. App. 140 (375 SE2d 131) (1988); *In the Interest of J. A. B.*, 189 Ga. App. 79 (1) (374 SE2d 839) (1988); *In the Interest of S. G.*, 182 Ga. App. 95 (354 SE2d 640) (1987)." *In the Interest of J. L. G.*, 191 Ga. App. 904, 905 (383 SE2d 376). See also *In the Interest of C. M.*, 194 Ga. App. 503, 504 (391 SE2d 26). While a finding of unfitness must be based on present circumstances, we do not agree that no evidence about current circumstances was adduced at the termination hearing or that the evidence was insufficient to support the termination of appellant's parental rights. *In the Interest of J. I. H.*, 191 Ga. App. 848, 849 (3), 850 (383 SE2d 349).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1990.

*Roger L. Curry*, for appellant.
*Thomas J. McHugh, Jr.*, for appellee.