A90A1674. IN THE INTEREST OF K. G. L., a child.
(403 SE2d 464)

COOPER, Judge.

This appeal arises from a termination of parental rights proceeding initiated by the Georgia Department of Human Resources against the natural parents of K. G. L., a girl born on October 16, 1981. Following an evidentiary hearing, the juvenile court terminated the parental rights of both parents, and the father appeals.

1. Appellant enumerates the general grounds and argues that the reliability of the child's testimony and all of the evidence based on that testimony is doubtful because the child was not competent to testify. We disagree. The child displayed some confusion while being examined by the trial judge as to her understanding of the difference

between the truth and a lie. However, the inconsistencies did not "'render [her] incompetent to testify as a matter of law, but [are matters] for consideration by the trial court in making its determination of competency and by the jury in determining the credibility of the witnesses. (Cits.)' [Cit.]" *Hutton v. State*, 192 Ga. App. 239 (1), 240 (384 SE2d 446) (1989). " '[T]he trial court is the arbiter of competency . . . [and its decision] will not be reversed except for a manifest abuse of discretion. [Cits.]' [Cits.]" *Thomas v. State*, 168 Ga. App. 587, 588 (3) (309 SE2d 881) (1983). In our view, the trial court did not abuse its discretion in deeming the child competent to testify. Moreover, after the child was examined by counsel for the department, counsel for both parties and a guardian ad litem, the court denied motions to exclude the testimony.

There were obvious inconsistencies in the child's testimony relative to her out-of-court statements; however, she did testify that appellant had done "bad things," that he put his hands underneath her clothes, and that appellant put his hand on her "butt." Appellant is presently serving a 60-year sentence, having been convicted of four counts of child molestation and one count of cruelty to children for acts committed against K. G. L. The child's teacher and principal testified that the child masturbated in class, that she could describe appellant's body, her own body and the contact between the two using anatomical drawings and dolls, and that the child stated that she had put her hand on appellant's "butt," which she demonstrated using drawings of the genital area. The school counselor testified that the child displayed tendencies which indicated abuse; she was aggressive and unable to interact with other children, would smell her food and eat with her hands and was non-verbal and unable to concentrate. There was also testimony that after the child's removal from the home, her condition improved dramatically. After a year of therapy, the child was able to clearly state what appellant had done to her. There was evidence of pornography in the home. Appellant photographed the child's mother and another woman in an explicit sexual act, and sexually explicit books and films were discovered along with nude pictures of the child. A trustee at the jail where appellant was held after his arrest testified that appellant referred to the child as "his woman" and admitted having sex with her. Further, appellant's adult stepdaughters revealed that he had molested or attempted to molest them and their friends. As the record amply demonstrates, "[t]here was clear and convincing evidence to support the termination of the parents' parental rights pursuant to OCGA § 15-11-81 (a) & (b). [Cits.]" *In the Interest of C. J. S. & C. M. S.*, 195 Ga. App. 741, 742 (1) (395 SE2d 35) (1990).

2. Appellant next enumerates as error the admission of the testimony of the child's teacher, principal, school counselor, social worker

and caseworker regarding statements made to them by the child and their conclusions drawn from those statements. Appellant contends the testimony was hearsay and inadmissible pursuant to OCGA § 24-3-16 because the child was not competent to testify and therefore was not "available." This enumeration is without merit. This court in *In the Interest of K. T. B.*, 192 Ga. App. 132, 133 (384 SE2d 231) (1989), reaffirmed an earlier decision which held that with regard to OCGA § 24-3-16 the phrase "available to testify" means "competent to testify." Since we established in Division 1 that the child was competent to testify, her testimony was admissible.

3. Finally, appellant contends the court erred in admitting the testimony of his adult stepdaughters arguing that the acts described occurred when the women were children, 12 to 15 years prior to the instant case, and are too remote in time to be relevant. " '(R)emoteness . . . is relative. . . . We cannot say there was no logical connection between the [appellant's] molesting of his (three older) [step]daughters [and their friends when they were approximately 12 years old.] The . . . testimony (was) relevant to show [appellant's] intent, bent of mind or general plan to gratify his lust, passion and sexual desires. . . . (Cits.)' [Cit.] The testimony was not erroneously admitted." *Cox v. State*, 173 Ga. App. 422 (1), 423 (326 SE2d 796) (1985).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 8, 1991.

*John T. Brown,* for appellant.

*Michael J. Bowers,* Attorney General, *Carol A. Cosgrove, William C. Joy,* Senior Assistant Attorneys General, *Margo M. Cairnes, Charles W. Smith, Jr., Jerry C. Gray, Jacquelyn H. Wilkes,* for appellee.