A92A2220. IN THE INTEREST OF S. M. S. et al., children.
(427 SE2d 598)

POPE, Chief Judge.

Appellant appeals an order of the Juvenile Court of Cobb County terminating her parental rights with respect to her two youngest children, S. M. S. and D. E. S. The father's parental rights to S. M. S. and D. E. S. were also terminated, but no appeal has been filed from that portion of the juvenile court's order. In her sole enumeration of error on appeal, appellant challenges the sufficiency of the evidence to support the order.

The record shows S. M. S. and D. E. S., who were three and five years old, respectively, at the time of the termination hearing, are the youngest of appellant's six children. Appellant had her first child when she was twelve years old and that child as well as the next oldest child was adopted in Ohio, where appellant lived before moving to Georgia. The present proceedings concerned appellant's four remaining children. Appellant consented to the termination of her parental rights with respect to the two middle children, who were twelve and seven years of age at the time of the hearing, and who had been in foster care since being removed from the home in 1985. As to S. M. S. and D. E. S., appellant admitted that the previous home environment had been unsuitable for her children, but asked for more time to remedy that situation. The record shows the children had been raised in an environment of unrelenting domestic violence and the children's father (appellant's common-law husband) had on numerous occasions inflicted severe, and on at least one occasion, almost fatal, physical abuse upon appellant. Appellant had also inflicted physical abuse on the father, having struck him with such objects as a broom, skillet and radio. Evidence was presented that both parents used drugs and alcohol in the past, and the father's, if not the mother's, use of such substances appeared to be a contributing, if not precipitating, factor to the parents' physical confrontations. At the time of the hearing the mother denied the current use of alcohol or drugs, but the evidence showed the father continued to use alcohol although he maintained his consumption had decreased.

The father was ordered by the court to leave the home in 1985 when the two middle children were removed, but he returned and he

and appellant continued to live together, resulting in the birth of the two children who are the subject of this appeal. The father continued to drink, smoke marijuana and, periodically, to beat the appellant. In October 1990 the father hit appellant while she was holding their youngest child, S. M. S., and broke appellant's jaw in seven places. Appellant admitted this violence may have placed S. M. S. in danger and admitted the children were frightened by the violence. Both S. M. S. and D. E. S. were removed from the home shortly after this incident. Evidence was also presented that D. E. S. has seizures, urinary incontinence and hearing difficulties, and that appellant failed to obtain adequate medical treatment for his physical problems.

In January 1991 the court entered a plan designed to reunite appellant with S. M. S. and D. E. S. Appellant admitted at the termination hearing, held in February 1992, that she had not complied with this plan. Specifically, the record shows appellant failed to obtain adequate housing for the children, although she was employed and financially capable of doing so. Appellant also failed to stabilize the home environment and likewise failed to obtain counseling designed to address her past history as a battered woman. According to appellant, the week before the hearing she did make some efforts to comply with the plan and at the time of the hearing she had made arrangements to move from the Thunderbird Motel, where she had been staying, to an apartment. She also attended one counseling session during the week before the hearing. Appellant further testified she had finally realized that she and the children's father could not reconcile and she was now ready to take the steps necessary to finalize divorce proceedings which she had instituted in January of the previous year. Although appellant testified she and the father had separated, she admitted she allowed him to stay with her at times, and that he had spent the night in her motel room on Sunday, February 2, 1992, a few days prior to the termination hearing. The father testified he was prepared to "step aside" and planned to move back to Ohio so appellant could regain custody of S. M. S. and D. E. S. Appellant asked for six more months and another chance to be a proper mother to her two youngest children.

" 'The appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost. The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test, is not met. When we apply that test here we note the . . . evidence presented to the trial court and con-

clude that a rational factfinder could have found by clear and convincing evidence parental misconduct or inability as provided by OCGA § 15-11-81 (b). (Indention omitted.) *In re B. D. C.*, 256 Ga. 511, 512-13 (350 SE2d 444) (1986). See also *In the Interest of J. M. K.*, 189 Ga. App. 140 (375 SE2d 131) (1988); *In the Interest of J. A. B.*, 189 Ga. App. 79 (1) (374 SE2d 839) (1988); *In the Interest of S. G.*, 182 Ga. App. 95 (354 SE2d 640) (1987). *In the Interest of J. L. G.*, 191 Ga. App. 904, 905 (383 SE2d 376) (1989). In a case such as this, a plea of additional time to improve is without force to overcome the proof of unrelieved detriment already suffered by the child where there is no indication but the promise to suggest hope of improvement. *In re G. M. N.*, 183 Ga. App. 458, 461 (359 SE2d 217) (1987). *In the Interest of S. L.*, 189 Ga. App. 361, 362 (375 SE2d 484) (1988). See also *In re J. L. W.*, 170 Ga. App. 886 (318 SE2d 751) (1984).' (Punctuation omitted.) *In the Interest of C. M.*, 194 Ga. App. 503, 504 (1) (391 SE2d 26) (1990)." *In the Interest of B. L.*, 196 Ga. App. 807, 809-810 (3) (397 SE2d 156) (1990). "The juvenile court did not lack clear and convincing evidence to support the termination of appellant's parental rights." *In the Interest of K. P. E.*, 196 Ga. App. 759, 760 (397 SE2d 39) (1990).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 4, 1993.

*Randall Harris*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Staff Attorney, Edwards, Friedewald & Grayson, Robert J. Grayson*, for appellee.