A93A0241. IN THE INTEREST OF T. M. R. et al., children.
(430 SE2d 865)

POPE, Chief Judge.

Appellant, the natural mother of T. M. R. and J. G. R., appeals the order of the Juvenile Court of Berrien County terminating her parental rights. We affirm.

1. The appellant-mother first challenges the sufficiency of the evidence to support the termination of her parental rights. The record shows that the Berrien County Department of Family & Children Services (DFCS) first became involved with the children in April 1991 after a report was received concerning injuries to appellant's two-year-old daughter, J. G. R. At that time the mother explained to the DFCS worker who visited the home that J. G. R. had fallen out of bed and bumped her head and that her daughter had also burned herself accidentally on an iron; however, the mother later changed her story and stated instead that the injuries had been inflicted while the child was in the care of her then boyfriend, Randy Sadler.

Approximately two weeks after DFCS first visited the home, J. G. R. received second degree burns to approximately 22 percent of her body. J. G. R.'s treating physician, Dr. Graham Pereira, testified via deposition that the burns were infected, which indicated to him that the burns were not recent because it takes days for burns to become

infected. Dr. Pereira also noted multiple abrasions and both old and new bruises on J. G. R., which in his opinion were probably caused by the child having been struck with a belt or similar object.

As to the cause of the burns, both the mother and Sadler stated that the child was burned when she was left alone in the bathtub, the implication being that she turned on the hot water and burned herself. Dr. Pereira testified, however, that based on the nature and location of the burns, it would have been almost impossible for the burns to have been self-inflicted, and that the child had probably been forced to sit while hot liquid was poured over her. The evidence was conflicting as to who was at home with J. G. R. when she was burned, with the mother having stated shortly after the incident that she was at home with the child, and then later stating that she had gone to a neighbor's house and left her two children in Sadler's care at the time J. G. R. was burned. At the termination hearing the mother again stated that the child was in Sadler's care. The mother also testified that she knew that the child needed medical attention, but that Sadler prevented her from seeking help. The record further shows that the child was eventually treated for her injuries when a neighbor called emergency medical services. Both the mother and Sadler were tried and convicted of the offense of cruelty to children because of the burn incident. At their trial for that offense Sadler testified that the child was in his care when she was burned.

The mother testified at the termination hearing that she loved her children and that she had never harmed her children. However, the mother admitted that she married Sadler after J. G. R. was burned and after the juvenile court advised her that she needed to terminate her relationship with him. The mother also admitted that after the children were removed from her custody, she disclosed to a DFCS caseworker that on other occasions Sadler had abused the children by rubbing soiled diapers in their face, pouring cereal on their heads and that J. G. R.'s arm had been broken while in his care. The mother explained that she did not report these incidents earlier because she was scared, but that she had changed while in prison and now planned to divorce Sadler.

" 'The appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody were lost. The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test, is not met. When we apply that test here we note the . . . evidence presented to the trial court and con-

clude that a rational factfinder could have found by clear and convincing evidence parental misconduct or inability as provided by OCGA § 15-11-81 (b). (Indention omitted.) *In re B. D. C.*, 256 Ga. 511, 512-13 (350 SE2d 444) (1986). See also *In the Interest of J. M. K.*, 189 Ga. App. 140 (375 SE2d 131) (1988); *In the Interest of J. A. B.*, 189 Ga. App. 79 (1) (374 SE2d 839) (1988); *In the Interest of S. G.*, 182 Ga. App. 95 (354 SE2d 640) (1987); *In the Interest of J. L. G.*, 191 Ga. App. 904, 905 (383 SE2d 376) (1989). In a case such as this, a plea of additional time to improve is without force to overcome the proof of unrelieved detriment already suffered by the child where there is no indication but the promise to suggest hope of improvement. *In re G. M. N.*, 183 Ga. App. 458, 461 (359 SE2d 217) (1987). *In the Interest of S. L.*, 189 Ga. App. 361, 362 (375 SE2d 484) (1988). See also *In re J. L. W.*, 170 Ga. App. 886 (318 SE2d 751) (1984).' (Punctuation omitted.) *In the Interest of C. M.*, 194 Ga. App. 503, 504 (1) (391 SE2d 26) (1990)." *In the Interest of B. L.*, 196 Ga. App. 807, 809-810 (3) (397 SE2d 156) (1990). "The juvenile court did not lack clear and convincing evidence to support the termination of appellant's parental rights." *In the Interest of K. P. E.*, 196 Ga. App. 759, 760 (397 SE2d 39) (1990); *In the Interest of B. P.*, 207 Ga. App. 242 (427 SE2d 593) (1993).

2. We have examined the mother's enumeration challenging the admissibility of evidence concerning her conviction for cruelty to children and find it to be without merit.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED APRIL 19, 1993.

*J. Reese Franklin*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Teresa E. Lazzaroni, Staff Attorneys, Simpson & Gray, Joseph I. Carter, Griner & Mirate, Galen A. Mirate*, for appellees.