A96A2029. In the Interest of J. E. L. et al., children.
(477 SE2d 412)

Blackburn, Judge.

The juvenile court terminated the parental rights of these children's father, who is serving a prison sentence in excess of 100 years for sexually molesting them. Their mother is deceased. In this appeal, the father claims that the lower court's ruling is not supported by the evidence and that custody of his children should have been granted to his parents rather than to the Department of Family & Children Services (Department). We reject both his arguments.

1. In determining whether a termination of parental rights is supported by sufficient evidence, we construe that evidence and all reasonable inferences from it in a light most favorable to the trial court's ruling and ask whether a rational trier of fact could have found by clear and convincing evidence that the natural parent's rights had been lost. *In the Interest of L. F.*, 203 Ga. App. 522, 523 (417 SE2d 344) (1992).

In support of his insufficiency claim, the father argues that the trial court should not have considered his criminal convictions as probative evidence because those convictions were not "final." The father was convicted of molesting his children in 1991, and the juvenile court did not conduct its hearing until 1995. But the father claims he is in the process of seeking an appeal from his criminal conviction.

Pretermitting whether such an appeal would be viable, we find the trial court properly considered the convictions and incarceration. As the record shows, at least one of the children testified against the father in this criminal trial, and the court properly considered the conviction to have "a demonstrable negative effect on the quality of

the parent-child relationship." OCGA § 15-11-81 (b) (4) (B) (iii). See *In the Interest of L. M.*, 219 Ga. App. 746, 748 (2) (466 SE2d 887) (1996) (sexual abuse of own children is aggravating circumstance which, combined with parent's imprisonment, will justify termination of parental rights).

We see no reason to equate the "conviction" which may be used as evidence in termination proceedings with the final conviction necessary to increase criminal punishment. See *Croker v. Smith*, 225 Ga. 529, 532 (4) (169 SE2d 787) (1969) (conviction must be final before it can be used to indict a defendant as a recidivist); *Dunn v. State*, 208 Ga. App. 197, 198 (4) (430 SE2d 50) (1993) (life sentence imposed pursuant to OCGA § 16-13-30 (d) reversed because prior convictions were on appeal and, therefore, were not "final"). As OCGA § 15-11-81 (b) (4) (B) (iii) indicates, the court's focus is not on the criminal conviction itself but on the effect the conviction has upon the parent-child relationship. In this case, the juvenile court found four years had passed between the conviction and the hearing, during which time the father had not obtained a transcript of the trial, had not filed an appeal with this Court or the Supreme Court and had not sought a ruling on his pending motion for new trial. During his time in jail, the father had little contact with his children. Because the father remains in prison, the impact of the conviction on his relationship with the children has been significant. We further note that in this case, any successful appeal could result in a retrial of the case, possibly requiring these children to testify against their father. Therefore, the court did not err in considering the detrimental effect of the father's conviction and imprisonment on his relationship with the children, regardless of whether the conviction was "final."

After reviewing the trial court's factual findings, we determine they are supported by evidence, and this evidence supports the trial court's termination of the father's parental rights. See *In the Interest of T. M. R.*, 208 Ga. App. 499, 500 (430 SE2d 865) (1993) (reviewing court defers to lower court's factfinding power and affirms unless evidentiary standard not met).

2. The father also contends the juvenile court should have placed these children in the custody of his parents rather than the Department. See OCGA § 15-11-90 (a) (1). That court found that although this couple had expressed interest in the children, they firmly believed in their son's innocence and expressed bitterness toward the Department. The record reflects that the children's grandfather considered the charges "trumped up," and their grandmother indicated that she believed authorities coerced one of the children to testify against his father. Considering the evidence of the children's ongoing behavioral problems and the need for therapy related to their molestation, the juvenile court did not abuse its discretion in failing to

remove the children from their foster homes and place them with this couple, who refused to believe the molestation occurred and may not be sympathetic to the children's problems and special needs. See *In the Interest of M. R.*, 213 Ga. App. 460, 467 (3) (444 SE2d 866) (1994) (no error in finding foster care more stable than relative's home).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 21, 1996.

*Robert M. Bearden, Jr.*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, W. Ashley Hawkins*, for appellee.