## 69762. In re H. B. & K. B.
### (330 SE2d 173)

Birdsong, Presiding Judge.

This is an appeal from an order of the juvenile court refusing to terminate parental rights. The petition was brought by the children's father against their natural mother under OCGA § 15-11-51 (a) (4). OCGA § 15-11-51 (a) provides: "The court by order may terminate the parental rights of a parent with respect to his child if: . . . A decree has been entered by a court of competent jurisdiction of this or any other state ordering the parent . . . to support the child and the parent . . . (4) has wantonly and willfully failed to comply with the order for a period of 12 months or longer."

The juvenile court found that the mother had made no support payments in accordance with the judgment and decree of the Rockdale Superior Court, but that there was evidence of limited ability to pay and there was evidence that the mother had sent the father $100 which the father claimed not to have received. The juvenile court found that the respondent's failure to pay had not left the children in a deprived state, and found no attempt at abandonment or rejection by the mother. Specifically, the court found that the mother's failure to pay had not been willful or wanton, defining these as "without reasonable excuse, with a conscious disregard of duty, willingly, voluntarily, and intentionally." *Carpenter v. Forshee*, 103 Ga. App. 758, 773 (120 SE2d 786). See *Young v. Foster*, 148 Ga. App. 737, 739 (252 SE2d 680). Considering the totality of the circumstances, the court concluded that the best interests of the children would not be served by termination of the mother's parental rights.

In determining the provisions of this code section, the juvenile court is vested with a broad discretion which will not be controlled in the absence of manifest abuse. *Powell v. Dept. of Human Resources*, 147 Ga. App. 251 (248 SE2d 533). The trial court had the opportunity to question and observe the parties, and possesses a wide discretion in determining the issues before him, and if the judgment is supported by any evidence and is not clearly erroneous, an appellate court is not authorized to set it aside. *Boatman v. Chapman*, 174 Ga. App. 77 (329 SE2d 185); *Ridgley v. Helms*, 168 Ga. App. 435, 438 (309 SE2d 375).

The evidence in this case amply supported the finding of the trial court on the narrow but paramount issue of wilful and wanton failure to comply with the court order for twelve months. The evidence shows the mother did send the father $100 although he claimed not to receive it, that she had just started her medical practice and had an income of less than $2,000 in 1983, that she lived on borrowed money and had bought the children clothes and provided their health insurance by borrowing money and by cashing in her retirement fund. The evidence supports the finding that she did not wilfully and wantonly

fail to comply with the court order of support pursuant to the terms of OCGA § 15-11-51 (a) (4).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 1, 1985.

Hoyt L. Bradford, Sr., *pro se.*
*Philip L. Young*, for appellee.