75587, 75588. IN THE INTEREST OF C. M. S. (two cases).
(364 SE2d 908)

BANKE, Presiding Judge.

The appellant, herself a minor child, appeals the termination of her parental rights with respect to her two children, contending that the evidence was insufficient to support the termination and that the lower court failed to take into account the existence of certain alternatives to the complete severance of her parental rights.

When the hearing was held in April of 1987, the appellant was 13 years of age and a student in a seventh grade special-education class. She had become pregnant with her first child at the age of 10, after being raped by her brother-in-law. She and the child thereafter lived with the appellant's mother, who assumed the role of primary caretaker for the child while the appellant was attending school.

It is undisputed that although the appellant was raped on multiple occasions by her brother-in-law and although her mother was aware of this sexual activity, the mother nevertheless subsequently allowed the brother-in-law to visit with the appellant and the child in her home. In May of 1986, the Department of Family and Children Services obtained temporary custody of the appellant and the child and placed them in foster care. A few weeks later, the appellant asked to be separated from the child because she did not want her friends to know that she was the child's mother.

During the appellant's foster home placement, it was learned that she had again become pregnant as the result of a rape. The appellant desired to terminate this pregnancy; however, for medical reasons an abortion was determined not to be a viable alternative. After the birth of her second child, the appellant signed a release authorizing the child to be placed in foster care. The appellant has only visited the second child twice since its birth on November 24, 1986.

A psychologist who had examined the appellant testified at the hearing on the termination petition that the appellant had expressed

guilt for not wanting to raise her children and was depressed about her circumstances. This witness further testified that the appellant suffered anxiety due to the pressure she felt from her mother and other members of her family who, she believed, wanted her to keep the children. It was the psychologist's opinion that the appellant lacked the capacity to raise her children and did not have adequate family support to assist her in doing so. He concluded that it would be both in the appellant's own best interests and in the best interests of the children to terminate her parental rights, so that she would be able to experience at least some semblance of a childhood. The state also presented testimony from DFCS caseworkers to the effect that the appellant had demonstrated an inability to care for her first child without help, that she had never taken the initiative to feed or clothe him or attend to his medical needs, that she would pinch or push him when she got frustrated with him, and that generally she had not manifested nurturing tendencies toward him. *Held*:

1. There was clear and convincing evidence to support the termination of the appellant's parental rights. See generally OCGA § 15-11-81 (a) & (b); *In re B. D. C.*, 256 Ga. 511, 512 (350 SE2d 444) (1986); *In re N. F. R.*, 179 Ga. App. 346 (346 SE2d 121) (1986); *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821) (1982).

2. Relying upon *In the Interest of P. F. J.*, 174 Ga. App. 47 (329 SE2d 194) (1985), the appellant contends that the lower court erred in failing to consider possible alternatives to the complete severance of her parental rights, such as a foster care plan encompassing both herself and the children. However, here, as in that case, there is clear and convincing evidence to support a complete termination of parental rights, including evidence which would support a conclusion that foster care was not a viable alternative. It follows that the trial court did not abuse its discretion in determining that the children's needs could not be met without complete severance of parental rights.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 14, 1988.

James E. Friese, for appellant.

Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Paula T. Hanington, Assistant Attorney General, for appellee.