76100. IN THE INTEREST OF G. K. J.
(370 SE2d 490)

CARLEY, Judge.

The appellant child in this appeal is represented by the attorney and guardian ad litem who was appointed to represent him pursuant to OCGA § 15-11-85 (a). Appellant brings this appeal from a juvenile court order which terminated the parental rights of his father.

The petition for the termination of parental rights of appellant's father was filed by appellant's mother, who is his custodial parent. The petition had alleged that the parental rights of appellant's father should be terminated, in that he had "wantonly and willfully failed to comply with the order of a court of competent jurisdiction to support [appellant] for a consecutive term exceeding twelve (12) months. . . ." Appellant's father made no personal appearance in these proceedings, but submitted a letter to the juvenile court, wherein he stated that he was aware of the proceedings and understood them, and that he did not choose to contest termination of his parental rights. Following a hearing, the juvenile court entered an order containing its findings of fact and its conclusion that there was "clear and convincing evidence" that, for more than a year, appellant's father had willfully and wantonly failed to provide the support that had been ordered by a court of competent jurisdiction. The juvenile court's order further found that a termination of the parental rights of appellant's father would be in the best interest of appellant. The juvenile court therefore ordered such a termination pursuant to the provisions of OCGA § 15-11-81. It is from that order that appellant brings this appeal.

1. Pursuant to OCGA § 15-11-85 (a), the child himself is, in effect, made a party to an action to terminate his parent's or parents' parental rights. See *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987). Accordingly, appellant has standing, through his duly appointed attorney and guardian ad litem, to bring this appeal.

2. Appellant enumerates as error the findings of the juvenile court that his father's failure to comply with the support order was

wilful and wanton and that the termination of his father's parental rights would be in his best interest. Appellant urges that these findings are not sufficiently supported by the evidence.

Our review of the entire record shows that there was sufficient clear and convincing evidence presented at the hearing to support the juvenile court's finding as to the willful and wanton failure of appellant's father to comply with the support order. See *In re B. D. C.*, 256 Ga. 511, 513 (350 SE2d 444) (1986). See also *In the Interest of J. L. Y.*, 184 Ga. App. 254 (1) (361 SE2d 246) (1987).

Obviously, those same factors which show the existence of parental misconduct or inability can also support a finding that the termination of parental rights of the defaulting parent would be in the child's best interest. Thus, a finding as to whether the termination of parental rights is in the best interest of the child represents, in essence, a finding as to whether the specifics of the parental default that have *otherwise* been found to exist are of such magnitude as to warrant the conclusion that the child himself would be better served by the grant of the petition to terminate. See generally *Powell v. Dept. of Human Resources*, 147 Ga. App. 251 (1) (248 SE2d 533) (1978) (construing former OCGA § 15-11-51); *In the Interest of C. M. S.*, 185 Ga. App. 549 (364 SE2d 908) (1988). In this regard, our review of the entire record shows that there was likewise sufficient clear and convincing evidence to support the juvenile court's finding that the termination of the parental rights of appellant's defaulting father would be in his best interest. See *In re B. D. C.*, supra; *In the Interest of J. L. Y.*, supra. Accordingly, it was not a manifest abuse of the juvenile court's discretion so to find. See *In re H. B. & K. B.*, 174 Ga. App. 435 (330 SE2d 173) (1985).

3. Appellant also enumerates as error the failure of the juvenile court to have included in its order an explicit statement of the underlying findings of fact which supported its ultimate determination that the best interest of appellant would be served by the termination of his father's parental rights.

"A judgment having such a final, ultimate and significant result as that of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination. [Cits.]" *McCary v. Dept. of Human Resources*, 151 Ga. App. 181, 182 (2) (259 SE2d 181) (1979). OCGA § 15-11-81 (a) establishes the statutory criteria for the termination of the parental rights of appellant's father. That statute provides: "In considering the termination of parental rights, the court shall first *determine* whether there is present clear and convincing evidence of parental misconduct or inability as provided in subsection (b) of this Code section. If there is clear and convincing evidence of such parental misconduct or inability, the court shall then *consider* whether ter-

mination of parental rights is in the best interest of the child, after considering the physical, mental, emotional, and moral condition and needs of the child who is the subject of the proceeding, including the need for a secure and stable home." (Emphasis supplied.)

Pursuant to the terms of this statute, the juvenile court is required to make explicit findings as to the existence of parental misconduct or inability as defined in OCGA § 15-11-81 (b). The juvenile court cannot make a bare recital as to a finding of the existence of parental misconduct or inability. See generally *Crook v. Ga. Dept. of Human Resources*, 137 Ga. App. 817 (224 SE2d 806) (1976). "If [the juvenile court] is required to make the explicit statutory findings, the tendency to rely upon individualistic and subjective notions of morality or sociological advantage will be lessened." *Crook v. Ga. Dept. of Human Resources*, supra at 819.

Once explicit findings, supported by clear and convincing evidence, have been made as to the existence of a statutory ground of parental default or inability, the juvenile court must give its consideration to the best interest of the child. However, the statute does not narrowly define those essential factors which must enter into the juvenile court's consideration of the child's best interest. The statute specifies only that the child's best interest must necessarily encompass a broad consideration of his "physical, mental, emotional, and moral condition . . . , including the need for a secure and stable home." Thus, entirely unlike the juvenile court's determination of parental default or inability which is narrowly limited to the objective grounds enumerated in OCGA § 15-11-81 (b), the inquiry into the best interest of the child is necessarily a broader and somewhat more subjective one. Those broad factors which are enumerated as relevant to the juvenile court's consideration of the child's best interest are precisely the sort of subjective factors which must not enter into its initial determination of the existence of a statutory ground of parental default or inability. *Crook v. Ga. Dept. of Human Resources*, supra. Thus, in the second stage of the juvenile court's consideration of a petition to terminate parental rights, it must make a subjective finding as to the best interest of the child, which finding, by its terms and nature, cannot be confined to any set of objective standards and which is not readily amenable to appellate review other than for a manifest abuse of discretion. See generally *In re H. B. & K. B.*, supra.

Accordingly, we find there is no explicit statutory requirement for entering the specific findings of fact which support the juvenile court's ultimate finding that, based upon its further consideration of the best interest of the child, the rights of a defaulting parent should be terminated. Moreover, there is no logical reason for imposing such a requirement. Here, the juvenile court made explicit findings as to the wantoness and wilfulness of the failure of appellant's father to

comply with a court order of child support. An appellate determination as to whether it was a manifest abuse of discretion for the juvenile court further to have found that it was in appellant's best interest to have the parental rights of such a wantonly and willfully defaulting father terminated does not require the entry of the explicit factual findings which support that conclusion. As discussed in Division 2, there is sufficient clear and convincing evidence in the record to support the juvenile court's explicit findings that appellant's father was in default of his parental obligations and to support its ultimate finding that it was in appellant's best interest that the parental rights of his defaulting father should be terminated. The order of termination is not subject to a procedural attack for failure of the juvenile court to have stated the explicit underlying findings of fact which supported its ultimate finding that the termination of the father's parental rights was in appellant's best interest.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1988 —
REHEARING DENIED JUNE 8, 1988.

*Bradley J. Boyd*, for appellant.

*John B. Jay, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.