## 76923. IN THE INTEREST OF R. L. H. et al.
### (373 SE2d 666)

SOGNIER, Judge.

The trial court terminated the parental rights of the parents of two preschool-age boys, and the father appeals.

In June 1985, the Floyd County Department of Family and Children Services (DFCS) obtained an interlocutory order placing the children in temporary custody because neither parent could be located. Once DFCS established that both parents were incarcerated, the children were placed with their maternal grandparents, and a case plan was prepared that required the parents to visit the children and maintain regular contact with DFCS, and upon their release to obtain employment and a stable home, attend parenting classes, and refrain from criminal activity. Subsequent case plans and orders were entered while the children remained with their grandparents, but the trial court found that neither parent has complied with any of the requirements. The record reveals appellant-father has several burglary and bad check convictions dating back to 1978. The trial court found that although appellant has been imprisoned continuously since August 1985 except for a six-week period in late 1986, during the time he was released he failed to visit the children or contact the social worker, and did not refrain from criminal activity as the case plan required. Appellant stated in his brief that he was slated for parole in February 1988, but the record does not disclose whether he is currently incarcerated. Moreover, even if he was released, he has twelve years of parole and thirteen years of probation remaining on his sentence.

Appellant's sole enumeration of error is that the trial court erred by finding clear and convincing evidence to support termination of his parental rights. OCGA § 15-11-81 (b) (4) (A) provides that a trial court may terminate parental rights upon finding that the child is a "deprived child" as a result of lack of proper parental care or control, and that such deprivation "is likely to continue" and "will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child." In making this determination, the court may consider the "[c]onviction of the parent of a felony and imprisonment therefor which has a demonstrable negative effect on the quality of the parent-child relationship." OCGA § 15-11-81 (b) (4) (B) (iii). In addition, when the child is not in the parent's custody, the court may consider whether the parent, without justifiable cause, has failed significantly for a year or more to communicate or to make a bona fide effort to communicate with the child or to comply with a court-ordered plan designed to reunite the child and parent. OCGA § 15-11-81 (b) (4) (C) (i), (iii).

"If there is clear and convincing evidence of such parental mis-

conduct or inability, the court shall then consider whether termination is in the best interests of the child, after considering the physical, mental, emotional and moral condition and needs of the child, including the need for a secure and stable home. [Cit.]" *In the Interest of S. G.*, 182 Ga. App. 95, 100 (354 SE2d 640) (1987). Once the trial court makes this determination, the appropriate standard of review "is whether a rational trier of fact could have found by clear and convincing evidence that the natural parent's rights had been lost. [Cit.]" *In re N. F. R.*, 179 Ga. App. 346, 348 (346 SE2d 121) (1986).

The trial court determined from the evidence that the children are deprived as a result of the lack of proper care, support, or control, that appellant's incarceration has had a negative effect, and that these conditions are likely to continue, causing serious physical, mental, and emotional harm to the children. Although imprisonment alone does not always compel a termination of parental rights, see *In the Interest of H. L. T.*, 164 Ga. App. 517 (298 SE2d 33) (1982), where, as here, the parent has not visited regularly with the children or established a parental bond, has failed to contact DFCS or refrain from criminal activity as required by the case plan, and has no present prospects for employment, income, or a stable home, those circumstances combine with the fact of incarceration to support a finding of parental unfitness sufficient to terminate a parent's rights. See generally *Brown v. Dept. of Human Resources*, 157 Ga. App. 106 (1) (276 SE2d 155) (1981); *Avera v. Rainwater*, 150 Ga. App. 39-41 (256 SE2d 648) (1979). Appellant has asked for an opportunity to demonstrate his fitness as a parent, but "the evidence in this case, despite the mild protestations of the father, suggests no prognosis of improvement . . . . [A] plea of 'six more months' to improve is without force to overcome the proof of unrelieved detriment already suffered by the children for [most of their] life, where there is no indication," other than the father's vague promises, which the trial court found were not credible, that these conditions will be reversed. *In re G. M. N.*, 183 Ga. App. 458, 461 (359 SE2d 217) (1987). The trial court's decision was supported by clear and convincing evidence and we affirm.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 28, 1988.

*James R. McKay*, for appellants.

*James P. Orr, Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General*, for appellee.