A92A0144. IN THE INTEREST OF C. N. G., a child.
(419 SE2d 42)

JOHNSON, Judge.

This case came before a superior court judge sitting as the juvenile court of Bulloch County. Appellants are the parents of a minor child. They appeal the juvenile court's order terminating their parental rights.

1. Appellants contend that the juvenile court erred in finding that C. N. G. was a "deprived child" in the absence of clear and convincing evidence.

OCGA § 15-11-2 (8) defines a "deprived child" as a child who: "(A) Is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals; (B) Has been placed for care or adoption in violation of law; (C) Has been abandoned by his parents or other legal custodian; or (D) Is without a parent, guardian, or custodian." This section is the verbatim recodification of Georgia Code Annotated § 24A-401(h) (1973). We have previously held that this provision defined "deprived child" in broad enough terms to allow sufficient latitude of discretion for the juvenile court. *Moss v. Moss,* 135 Ga. App. 401 (218 SE2d 93) (1975).

The Department of Family & Children Services (DFCS) presented evidence which established that the parents, both substance abusers, failed to provide proper parental care for C. N. G. Additional evidence was presented that the child suffered health problems as a result of the appellants' neglect. Moreover, by their own admissions, C. N. G.'s parents are incapable of providing for C. N. G. financially. The determination of deprivation and the decision to terminate parental rights based thereon is an exercise of discretion by the trial court and if based upon evidence, will not be con-

trolled by a reviewing court. *Roberts v. State,* 141 Ga. App. 268 (233 SE2d 224) (1977). After a review of the entire record, we conclude that the facts established were sufficient for the juvenile court to find by clear and convincing evidence that C. N. G. was a "deprived child."

2. C. N. G.'s father contends that the juvenile court erred in terminating parental rights because there was no evidence that a deprivation is likely to continue or go unremedied, pursuant to OCGA § 15-11-81.

This enumeration is without merit because evidence was presented that the deprivation of C. N. G. would be likely to continue if the appellants' parental rights were not terminated. The mother had a history of fluctuating between making progress and "backsliding" in her substance abuse therapy. She had been admitted to the Swainsboro Detoxification Center on several occasions but withdrew from in-patient treatment before completing her program. An investigator from the Swainsboro Detoxification Center testified that "backsliding" is common for people addicted to drugs or alcohol.

The father told the investigator that he consumed alcohol because it helped him handle his depression. The father testified that he did not feel he had an "alcohol problem," although he admits that he consumes up to three drinks almost every day.

It is clear from the record that sufficient evidence was presented to support a finding by the juvenile court that the deprivation of C. N. G. was likely to continue or go unremedied.

3. The father further contends that the juvenile court failed to attempt to place C. N. G. with his extended family, as required by OCGA § 15-11-90 (a) (1). This enumeration is without merit.

The juvenile court did consider placing C. N. G. with his extended family. In its order of January 17, 1991, the court found that the agency had interviewed relatives of the appellants for possible placement of the minor child, but none of the relatives was suitable for permanent placement. After hearing testimony from several relatives at the termination hearing, the court determined that C. N. G. should be made available for adoption and that the Department had made sufficient efforts to place the child with his relatives. "The trial court had the opportunity to question and observe the parties, and possesses a wide discretion in determining the issues before him, and if the judgment is supported by any evidence and is not clearly erroneous, an appellate court is not authorized to set it aside. [Cits.]" *In re H. B.,* 174 Ga. App. 435 (330 SE2d 173) (1985).

The juvenile court properly granted the Department's petition terminating the parental rights of the appellants in their minor child, C. N. G.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

Decided April 29, 1992 —
Reconsideration denied May 14, 1992.

*Jack B. Williamson, Jr., Johnston & Brannen, Gary L. Mikell,* for appellants.

*Michael J. Bowers, Attorney General, Margot M. Cairnes, Staff Attorney, Roach & Bradley, Hal Roach, Jr., Richard A. Mallard,* for appellee.