A94A2758. IN THE INTEREST OF D. I. W., a child.

(451 SE2d 804)

BLACKBURN, Judge.

Appellant, Rebecca Whitener, appeals the order of the juvenile court terminating her parental rights to D. I. W.

D. I. W. was placed in the emergency custody of the DeKalb County Family & Children Services (DFCS) at birth by court order on September 13, 1991. The DFCS' initial concerns were that Whitener was mentally unable to provide care to her child and that her brother, a convicted child molester, lived in the home she intended to return to upon her release from the hospital. On December 2, 1991, the juvenile court adjudicated D. I. W. deprived in that Whitener, among other things, lacked the abstract thinking skills necessary to understand that her brother's presence in the home represented potential danger to D. I. W. On September 8, 1993, the juvenile court extended DFCS' custody of D. I. W. to July 13, 1995, because of Whitener's failure to satisfy the goals established in DFCS' plans directed at the reunification of her family. Whitener concurred in the extension.

On November 19, 1993, DFCS filed a petition for termination of parental rights under provisions of OCGA § 15-11-81 (b) (4) (B) (i) for medically verifiable deficiency of Whitener's mental or emotional health of such a duration or nature which rendered her unable to provide adequately for D. I. W.'s physical, mental, emotional, and moral condition needs. The juvenile court heard the petition on February 9, 1994, and ordered Whitener's parental rights terminated eight days later.[1] This appeal followed.

---

[1] The juvenile court terminated the parental rights of D. I. W.'s father, Daniel Disharoon, for failure to file a petition to legitimate the child within thirty days of the DFCS's petition to terminate parental rights and for neglecting and abandoning the child for a period of one year immediately preceding the filing of such petition.

1. Whitener first contends that there was insufficient evidence to terminate her parental rights in that neither parental misconduct nor inability was shown by clear and convincing evidence.

" 'The termination of parental rights under OCGA § 15-11-81 is a two-step process. First, the court determines whether there is clear and convincing evidence of parental misconduct or inability. Second, the court considers whether termination is in the best interest of the child. *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (3) (370 SE2d 490) (1988). The standard for appellate review of a termination of parental rights is " 'whether a rational trier of fact could have found by clear and convincing evidence that the natural parent's rights had been lost. (Cit.)' (Cit.)" *In the Interest of R. L. H.*, 188 Ga. App. 596, 597 (373 SE2d 666) (1988).' *In the Interest of C. D. P.*, 211 Ga. App. 42, 43 (3) (438 SE2d 155) [(1993)]." *In the Interest of M. R.*, 213 Ga. App. 460, 463 (444 SE2d 866) (1994).

Parental misconduct or inability is determined by finding: 1) that the child is deprived; 2) that the lack of proper parental care or control is the cause of the deprivation; 3) that such child's deprivation is likely to continue or will not be remedied; and 4) that continued deprivation is likely to cause serious physical, mental, emotional or moral harm to the child. OCGA § 15-11-81 (b) (4) (A). Among the factors relevant to a child lacking proper parental care and control is a medically verifiable deficiency of the parent's mental or emotional health of such duration or nature as to render the parent unable to provide adequately for the child's needs. OCGA § 15-11-81 (b) (4) (B) (i). Another is a parent's unjustifiable failure to significantly comply with a court-ordered plan to reunite the child with the parent for one year or longer. OCGA § 15-11-81 (b) (4) (C) (iii).

In the case sub judice, an unappealed order entered by the juvenile court on December 2, 1991, established that D. I. W. was a deprived child within the meaning of OCGA § 15-11-81 (b) (4) (A) (i). See *In the Interest of B. P.*, 207 Ga. App. 242, 244 (427 SE2d 593) (1993) (An unappealed deprivation determination is binding on appeal.). Further, the juvenile court heard the undisputed testimony of Dr. Ritz, a licensed psychologist, who testified that he had evaluated Whitener psychologically in April 1993, and found her to be suffering from a dependent personality disorder. He also reviewed the factual findings from psychological evaluations admitted in evidence at previous deprivation hearings and concluded that Whitener had not shown improvement for two years and that the likelihood of improvement in the future was poor. Moreover, he noted that Whitener had been molested by her grandfather until the time of his death in 1989. It was his view that this history of molestation left Whitener neither able to advocate for herself or her child. Dr. Ritz also testified that the combination of Whitener's limited mental ability, dependent personality,

prior history, and behavior, significantly jeopardized her future ability to parent a child. In this regard, he indicated that Whitener had been unable to protect her previous children from violence and that she was unable to adequately assess the risk to her child associated with living with her brother, a convicted child molester.

While Whitener argues that she would never give her brother access to D. I. W. in the future, "[t]he decision as to a child's future must rest on more than positive promises which are contrary to negative past fact." *In the Interest of J. L. Y.*, 184 Ga. App. 254, 257 (361 SE2d 246) (1987). Moreover, she argues that the evidence is insufficient to show that the child's deprivation would likely continue in the future. We disagree. " '(T)he past conduct of the parent is properly considered by the court in determining whether such conditions of deprivation are likely to continue. (Cits.)' " *In the Interest of J. M. C.*, 201 Ga. App. 173, 174 (410 SE2d 368) (1991), citing *In the Interest of J. L. Y.*, supra at 257.

In light of the foregoing, we find the evidence clear and convincing that D. I. W. is currently deprived due to parental inability, that such deprivation will likely continue in the future or will not be remedied, and that continued deprivation is likely to cause serious physical, mental, emotional or moral harm to the child.

"In considering the child's best interest, the trial court may consider the child's need for a stable home situation and the detrimental effects of prolonged foster care. Further, the Juvenile Code is to be liberally construed toward the protection of the child whose well-being is threatened." (Citations and punctuation omitted.) *In the Interest of M. R.*, supra at 464. In addition to his testimony referenced above, Dr. Ritz testified that Whitener would need three to five years of treatment before she could begin to address parenting issues. He was unable, however, to say that she would respond to treatment. There is no evidence in the record below that Whitener completed any of the court-approved DFCS goals developed to facilitate family reunification. She failed to appeal the juvenile court's finding of reasonable efforts to prevent the need for removing the child from his home. As a consequence, she is now bound thereby. *In the Interest of B. P.*, supra. Accordingly, the juvenile court's finding that the termination of parental rights is in the best interest of the child was also authorized by clear and convincing evidence. Since further insecurity regarding D. I. W.'s parental situation would likely be detrimental to him, we find that the court below did not abuse its discretion by terminating Whitener's parental rights to D. I. W.

2. In her second enumeration, Whitener contends that the court abused its discretion in finding that the DFCS made reasonable efforts to make it possible to return the child to the home. We do not

reach this enumeration of error in light of our disposition of Division 1.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 29, 1994 —
RECONSIDERATION DENIED DECEMBER 14, 1994 — 

*Jennifer B. Mann, Abbi S. Taylor,* for appellant.
*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Teresa E. Lazzaroni, Assistant Attorney General, Robert G. Nardone, Dorothy V. Murphy,* for appellee.