A95A1972. IN THE INTEREST OF L. M. et al., children.
(466 SE2d 887)

BLACKBURN, Judge.

Appellant, Judith Ann Miracle, appeals the order of the juvenile court terminating her parental rights to L. M., A. M., A. M., K. M., R. M., and S. M. (the children).

The children, less R. M. and S. M. who had not yet been born, were initially placed in the temporary custody of the Barrow County Department of Family & Children Services (DFCS) by juvenile court emergency order on July 3, 1990. The DFCS's initial concern was that the children were unsupervised in the home. On February 22, 1993, the juvenile court adjudicated the children deprived in that, among other things: Miracle was arrested and incarcerated for burglary on January 4, 1993; while incarcerated, she admitted addiction to crack cocaine and alcohol; on January 19, 1993, six days after Miracle's re-

lease from confinement, her husband, Clayton Miller, was arrested for cruelty to one of the children; additional reports indicating that the children had been left unsupervised; and other reports indicated that the children were endangered by Miller's abuse of alcohol. On February 18, 1993, DFCS determined that Miracle had been drunk and unconscious when one of the children was burned while playing with cigarettes. The juvenile court extended its temporary custody order on October 5, 1994, upon finding that DFCS had made reasonable and significant efforts to return the children to the home without success and that both Miracle and Miller were incarcerated in the prison system of Georgia upon convictions in December 1993 for child molestation and cruelty to children.

On November 29, 1994, DFCS filed a petition for termination of parental rights under provisions of OCGA § 15-11-81 (b) (4) (B) (iii) and (iv) in that Miracle and Miller were convicted and imprisoned for child molestation and cruelty to children as well as egregious conduct toward the children of "a physically, emotionally, or sexually cruel or abusive nature." Id. at (iv). By order filed March 23, 1995, the juvenile court further adjudicated the children deprived and terminated parental rights in Miracle and Miller. Only Miracle has appealed.

1. Miracle first enumerates that the juvenile court erred by denying her motion for disqualification and/or recusal of the judge in that the juvenile court judge, when sitting as a judge of the Superior Court of the Piedmont Judicial Circuit,[1] had earlier taken her pleas and presided in three criminal cases against her.

Uniform Juvenile Court Rule 27.2 pertinently provides affidavits submitted in support of a motion to disqualify or to recuse a judge "shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements, which demonstrate either bias in favor of any adverse party, or prejudice toward the moving party in particular . . . which would influence the judge and impede or prevent impartiality in that action. Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings." See also *Carter v. State*, 246 Ga. 328, 329 (271 SE2d 475) (1980). The record shows that Miracle offered by affidavit only the bare conclusion that "she does not feel that she can receive a fair hearing before the [juvenile court], due to the fact that [such court] presided at her earlier criminal proceedings." Accordingly, we deem this enumeration of

---

[1] On August 26, 1993, Miracle was convicted of burglary in the first such case and of possession of a firearm by a convicted felon and of the discharge of a firearm near a public road in the second. She was convicted of child molestation and cruelty to children in the third criminal trial conducted on December 7, 1993.

error to be without merit.

2. Miracle next contends that there was insufficient evidence to warrant terminating her parental rights in that neither "parental misconduct or inability" nor "termination of parental rights is in the best interest of the children" was shown by clear and convincing evidence.

" 'The termination of parental rights under OCGA § 15-11-81 is a two-step process. First, the court determines whether there is clear and convincing evidence of parental misconduct or inability. Second, the court considers whether termination is in the best interest of the child. *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (3) (370 SE2d 490) (1988). The standard for appellate review of a termination of parental rights is " 'whether a rational trier of fact could have found by clear and convincing evidence that the natural parent's rights had been lost. (Cit.)' (Cit.)" *In the Interest of R. L. H.*, 188 Ga. App. 596, 597 (373 SE2d 666) (1988).' *In the Interest of C. D. P.*, 211 Ga. App. 42, 43 (3) (438 SE2d 155) [(1993)]." *In the Interest of M. R.*, 213 Ga. App. 460, 463 (444 SE2d 866) (1994).

Parental misconduct or inability is determined by finding: 1) that the child is deprived; 2) that the lack of proper parental care or control is the cause of the deprivation; 3) that the child's deprivation is likely to continue or will not be remedied; and 4) that continued deprivation is likely to cause serious physical, mental, or moral harm to the child. OCGA § 15-11-81 (b) (4) (A). Among the factors relevant to a child lacking parental care and control is "[c]onviction of the parent of a felony and imprisonment therefor which has a demonstrable negative effect on the quality of the parent-child relationship." OCGA § 15-11-81 (b) (4) (B) (iii). Another is a parent's "[e]gregious conduct or evidence of past egregious conduct of the parent toward the child . . . of a physically, emotionally, or sexually cruel or abusive nature." OCGA § 15-11-81 (b) (4) (B) (iv).

In the case sub judice, an unappealed order entered by the juvenile court established that the children were deprived within the meaning of OCGA § 15-11-81 (b) (4) (A) (i). See *In the Interest of B. P.*, 207 Ga. App. 242, 244 (427 SE2d 593) (1993) (unappealed deprivation determination binding on appeal). While the convictions of the parents for felonies and their imprisonment in consequence thereof is not ipso facto sufficient to support a finding that a child lacks parental care and control, incarceration for a crime will support such a finding when adequate aggravating circumstances are shown to exist. *In the Interest of S. K. L.*, 199 Ga. App. 731, 733 (405 SE2d 903) (1991). The record amply supports the trial court's determination that aggravating circumstances existed in that the parents were found guilty of molesting their own children and of cruelty to children and that the children are afraid of their parents.

Miracle argues that there is no clear and convincing evidence of

her current unfitness or that the children's deprivation would likely continue in the future arguing that she is a changed person, having experienced the murder of one of her children and the sexual molestation of another while in DFCS custody. However, " 'the decision as to a child's future must rest on more than positive promises which are contrary to negative past fact.' [Cit.]" *In the Interest of D. I. W.*, 215 Ga. App. 644, 646 (451 SE2d 804) (1994). Further, " '[t]he past conduct of the parent is properly considered by the court in determining whether such conditions of deprivation are likely to continue. (Cits.)' [Cit.]" *In the Interest of J. M. C.*, 201 Ga. App. 173, 174 (410 SE2d 368) (1991). Our review of the record shows that there was sufficient clear and convincing evidence to support the juvenile court's findings as to Miracle's parental misconduct or inability, the first part of the two-step test.

As to the second step of the test, Miracle argues that the juvenile court erred in terminating her parental rights as in the best interest of the children. In particular, she disputes the trial court's determination that there was no suitable family member with whom the children could be placed. Miracle, however, does not support this claim by citation to evidence of record nor are we able to find such evidence therein. Rather, the record reflects only evidence indicating that neither Miracle nor Miller suggested the name of any relative who could take custody of the children throughout the entire period the children were in DFCS custody. Moreover, factors indicating parental misconduct or inability can also establish that the termination of parental rights is in the best interest of the child. *In the Interest of B. P.*, supra at 245. In light of the foregoing, we conclude that there was sufficient clear and convincing evidence to support the juvenile court's finding that the termination of parental rights was in the best interest of the children.

Both parts of the two-step test having been supported by proper evidence, the decision of the trial court to terminate parental rights is affirmed.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 11, 1995 —
RECONSIDERATION DENIED JANUARY 3, 1996 —

*Russell & Mingledorff, Currie M. Mingledorff II*, for appellant.
*Michael J. Bowers, Attorney General, Shalen A. Sgrosso, Teresa E. Lazzaroni, Assistant Attorneys General, John R. Laseter, Doug R. Daum*, for appellees.