A98A0104, A98A0105. IN THE INTEREST OF R. M. et al., children (two cases).
(503 SE2d 635)

McMURRAY, Presiding Judge.

The defendant father (Case No. A98A0104) and the defendant mother (Case No. A98A0105) appeal an order of the juvenile court terminating their parental rights in their children, R. M., J. D. M., and J. L. M. These children had initially been taken into the custody of the Murray County Department of Family & Children Services following the hospitalization of J. D. M. and J. L. M., who are twins and were at that time approximately six months old, for extensive injuries, including broken bones and bruises. J. L. M.'s injuries included a subdural hematoma, a skull fracture, a recent fracture of a rib and fractures of varying ages on both the left and right ribs, fractures in both femurs approximately one week old, fractures of both tibias. These were injuries which would have been very painful over a period of time during which the child would have been in obvious distress. J. D. M. had a detached retina. Subsequently, defendants were convicted of a number of criminal offenses arising from the incident. The defendant father was convicted of two counts of cruelty to children for failing to seek appropriate medical care for J. D. M. and J. L. M. The defendant mother was convicted of four counts of cruelty to children and two counts of aggravated battery for her part in causing the twins' injuries as well as failing to seek medical care for them. After defendants failed to comply with the requirements of a reunification plan, termination proceedings were initiated. The parental rights of the defendants were terminated and these appeals followed. *Held*:

The sole enumeration of error submitted by each of the defendants questions the sufficiency of the evidence to authorize the termination of parental rights. In considering the termination of parental rights, the juvenile court was required to first determine whether there is present clear and convincing evidence of parental misconduct or inability. OCGA § 15-11-81 (a). This determination is made by finding that the child is deprived, that the cause of that deprivation is lack of proper care or control by the parent, that the cause of deprivation will likely continue, and that the continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. OCGA § 15-11-81 (b) (4) (A).

A finding that the children were deprived was authorized after

the juvenile court took judicial notice of a prior unappealed deprivation order in this case. Thereafter, only the three remaining criteria needed to be proven in order to show parental misconduct or inability. *In the Interest of S. L. W.*, 221 Ga. App. 509, 512 (4) (471 SE2d 579) (overruled on other grounds in the case of *In the Interest of C. W. S.*, 231 Ga. App. 444, 447 (3) (498 SE2d 813)).

The second criterion, that the lack of parental care or control caused the children's deprivation, is supported by the evidence. There is an obvious link between defendants' physical abuse of the twins and their criminal convictions. The juvenile court was authorized to consider the conviction of the parents for a number of felonies and imprisonment therefor which has a demonstrable negative effect on the quality of the parent-child relationship. OCGA § 15-11-81 (b) (4) (B) (iii). Also, in determining whether the children were without proper parental care and control, the juvenile court was authorized to consider the evidence of physical, mental, or emotional abuse or neglect of the children pursuant to OCGA § 15-11-81 (b) (4) (B) (iv) and (v). The evidence also established that R. M., an older child who was two years of age when removed from defendants' custody, had been neglected to an extent so as to be developmentally delayed, including having a vocabulary of only about ten words. Also, due to the age of R. M., this child, who had exhibited some behavioral problems when first removed from defendants' custody, has exhibited self-injurious conduct, and was shown to be at an elevated risk of physical abuse if returned to defendants.

As to the third criterion, the past conduct of parents is properly considered in determining whether such conditions of deprivation are likely to continue. *In the Interest of J. M. C.*, 201 Ga. App. 173, 174 (410 SE2d 368). A conviction of a crime and incarceration does not always compel a termination of parental rights but will support such a ruling when adequate aggravating circumstances are shown to exist. *In the Interest of S. K. L.*, 199 Ga. App. 731, 733 (405 SE2d 903); *In the Interest of R. L. H.*, 188 Ga. App. 596, 597 (373 SE2d 666). Such aggravating circumstances are shown here in that defendants were found guilty of cruelty to their own children and by defendants' failure to complete the requirements of the reunification plan. *In the Interest of L. M.*, 219 Ga. App. 746, 748 (2) (466 SE2d 887).

The fourth criterion has also been satisfied. All three of the children continue to have substantial needs for medical care resulting from the physical and emotional abuse suffered at the hands of defendants. The prospects for reunification are dim due to defendants' length of incarceration and failure to complete any significant progress towards rehabilitation. The juvenile court was authorized to consider the adverse effects of prolonged foster care in determining that continued deprivation is likely to cause serious physical, mental,

emotional, or moral harm to the children. *In re G. M. N. & D. M. N.*, 183 Ga. App. 458, 461 (1) (359 SE2d 217).

The second and remaining step of the termination of parental rights process requires that the juvenile court consider whether termination of parental rights is in the best interest of the child. OCGA § 15-11-81 (a). The same factors which show the existence of parental misconduct or inability can also support a finding that termination of parental rights would be in the best interest of the child. *In the Interest of G. K. J.*, 187 Ga. App. 443, 444 (2) (370 SE2d 490). In view of the egregious conduct of the defendants towards these children, this is surely such a case. A rational trier of fact could have found clear and convincing evidence of parental misconduct or inability, and that termination of the parental rights of defendants would be in the best interest of the children. *In the Interest of L. M.*, 219 Ga. App. 746, 748, supra.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 3, 1998.

*James E. Wilbanks*, for appellant (case no. A98A0104).
*Richard L. Yancey*, for appellant (case no. A98A0105).
Eddie McDonald, *pro se.*
*Thurbert E. Baker, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Waycaster, Morris, Johnson & Dean, Cynthia N. Johnson, Jeffrey J. Dean*, for appellee.