A01A2126. IN THE INTEREST OF A. R. G. B., a child.
(555 SE2d 42)

PHIPPS, Judge.

The Toombs County Department of Family & Children Services instituted this proceeding to terminate the rights of the parents of A. R. G. B. and J. L. P. Appellant is the biological father of A. R. G. B. He was seventeen years old when the child was born in November 1995 and resided with the mother for only about six months. Because of a conviction of statutory rape, he was incarcerated in November 1997. He will remain incarcerated until at least November 2002. He has filed this pro se appeal from an order of the Juvenile Court of Toombs County terminating his parental rights. Because he has shown no ground for reversal of the order, we affirm.

1. Appellant first complains that the termination hearing was held in his absence. The record contradicts this assertion. It shows that appellant was present in court at the beginning of the hearing and that he was represented by appointed counsel and testified at the hearing. His rights were in no way violated.[1]

2. Appellant complains that his parental rights were terminated based in part on the unfounded allegation that he maintained no contact with the child. This complaint is without merit, as the allegation was supported by evidence admitted at the hearing.

3. Appellant's complaint of ineffective assistance of counsel is without support in the record, as is his complaint that the juvenile court prevented him from filing a petition to legitimate the child. Additionally, the record shows that no psychological tests were

---

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] See *In the Interest of F. L. S.,* 232 Ga. App. 100 (502 SE2d 256) (1998) (holding that an incarcerated individual does not have a due process right to personally appear at a hearing for termination of his parental rights).

administered to appellant because he was not cooperative. Contrary to argument advanced by appellant, the record does show that attempts were made to place the child with certain of his relatives.[2]

4. Appellant's criminal conviction, his near continuous incarceration during the child's life, and his failure to comply with reunification case plans both before and during his incarceration provided ample grounds for termination of his parental rights.[3]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 2, 2001.

J. G., *pro se.*

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, Newton, Smith, Durden, Kaufold & Rice, Sherri P. McDonald, Paul K. Cook,* for appellee.

---

[2] See OCGA § 15-11-103 (a) (1).

[3] See *In the Interest of C. N. S.*, 248 Ga. App. 84, 85 (545 SE2d 633) (2001); *In the Interest of R. M.*, 232 Ga. App. 727, 728 (503 SE2d 635) (1998).