556 S.E.2d 922 (2001)
252 Ga. App. 808
In the Interest of K.B., a child.
No. A01A2421.
Court of Appeals of Georgia.
December 6, 2001.
*923 Robert M. Goldberg, Atlanta, for appellant.
Thurbert E. Baker, Atty. Gen., Dennis R. Dunn, Deputy Atty. Gen., William C. Joy, Senior Asst. Atty. Gen, Shalen S. Nelson, Laura W. Hyman, Asst. Attys. Gen., W. Ashley Hawkins, Forsyth, for appellee.
BLACKBURN, Chief Judge.
Following a hearing, appellant, the putative father of K.B., appeals the termination of his parental rights, contending that the evidence was insufficient to support the termination.[1] For the reasons set forth below, we affirm.
On appeal, we must determine
whether, after reviewing the evidence in a light most favorable to the lower court's judgments, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. This Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's fact-finding and affirm unless the appellate standard is not met.
(Citations and punctuation omitted.) In the Interest of R.N.[2]
The record shows that K.B. was born in July 1996 and appellant was arrested for selling cocaine in September of that year. At the time of the termination hearing, the appellant remained incarcerated, as he had been for almost all of K.B.'s life. Following appellant's incarceration, the Department of Family & Children Services (DFACS) took custody of K.B. on September 8, 1999.
While K.B. was in DFACS' custody, a case plan was developed for reunification with appellant. The main goals of this plan required appellant to: (1) formally and legally legitimate K.B.; (2) provide financial support for K.B.; and (3) develop a proper parent-child relationship with the child. Despite the fact that this case plan was presented to appellant every six months after DFACS took custody of K.B., appellant failed to satisfy any of the goals of the plan. He *924 did not legitimate K.B., he provided no financial support, and, according to the DFACS workers assigned to his case, he had no contact with K.B. at all.
Before terminating a parent's rights, a juvenile court must employ a two-prong test. In the first prong, the court must decide whether there is "present clear and convincing evidence of parental misconduct or inability." OCGA § [15-11-94(a)]. Parental misconduct or inability, in turn, is proven by evidence showing: (1) that the child is deprived; (2) that lack of proper parental care or control is the cause of deprivation; (3) that the cause of deprivation is likely to continue or will not likely be remedied; and (4) that continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child. OCGA § [15-11-94(b)(4)(A)].... In the second prong of the termination test, the juvenile court must consider whether termination of parental rights would be in the best interest of the child.
In the Interest of V.S.[3]
No issue remains in this case as to whether K.B. is a deprived child. Appellant never appealed the original deprivation order, he presently concedes deprivation, and the record provides clear and convincing evidence that the child was given insufficient care. Therefore, only the remaining three prerequisites for termination are considered here.
The evidence supports the trial court's determination that lack of proper parental care or control is the cause of the deprivation. In this case, appellant has effectively abandoned K.B. He has provided no support for the child, and, despite the fact that he was facing termination of his rights, he did not attempt to establish a parent-child relationship. Furthermore, "[i]n determining whether the child is without proper parental care and control, the court shall consider... [the c]onviction of the parent of a felony and imprisonment therefor which has a demonstrable negative effect on the quality of the parent-child relationship." OCGA § 15-11-94(b)(4)(B)(iii).
Although criminal conviction and incarceration do not always compel termination of parental rights, serving time as a convicted felon will support a termination of parental rights when adequate aggravating circumstances are shown to existsuch as failure to comply with goals for family reunification or failure to provide parental care and support.
In the Interest of R.H.[4]
Based on all of these factors, clear and convincing evidence supported the trial court's determination that lack of proper parental care and control was the cause of K.B.'s deprivation.
This evidence also supports the juvenile court's determination that the deprivation is likely to continue.
Although past deprivation is not sufficient for termination without a showing of present deprivation, the court can consider a parent's past conduct in determining whether such conditions of deprivation are likely to continue. The court was entitled to infer from the evidence that, despite the best efforts of DFACS and many other social workers and charities, the same pattern of deprivation would continue [if] the [child was] reunited with [his father].
(Citations and punctuation omitted.) In the Interest of R.N., supra at 204(1)(c), 480 S.E.2d 243.
The record also supports a finding that K.B. is likely to be harmed by the continued deprivation. As discussed above, K.B. has been forced to grow up without his father, who has been incarcerated the majority of the child's life. Furthermore, despite his knowledge of the pending termination, appellant failed to satisfy any of the goals of his reunification case plan.
Finally, the record supports a finding that termination of appellant's parental rights is in the best interest of K.B. Those factors used to show a parent's inability to properly care for his child may also serve as proof that termination of his parental rights is in the best interest of the child. In the *925 Interest of G.K.J.[5] And, although appellant now claims that he can care for K.B. with the help of his mother, "`the decision as to a child's future must rest on more than positive promises which are contrary to negative past fact.'" In the Interest of D.I.W.[6]
Judgment affirmed.
POPE, P.J., and MIKELL, J., concur.
NOTES
[1] K.B.'s biological mother consented to the termination of her parental rights, and she is not a party to this appeal.
[2] In the Interest of R.N., 224 Ga.App. 202, 480 S.E.2d 243 (1997).
[3] In the Interest of V.S., 230 Ga.App. 26, 27, 495 S.E.2d 142 (1997).
[4] In the Interest of R.H., 240 Ga.App. 551, 553(2), 524 S.E.2d 257 (1999).
[5] In the Interest of G.K.J., 187 Ga.App. 443, 444(2), 370 S.E.2d 490 (1988).
[6] In the Interest of D.I.W., 215 Ga.App. 644, 646(1), 451 S.E.2d 804 (1994).