53338. In The Interest Of: L. L. W. et al.

WEBB, Judge.

A petition was initiated in Juvenile Court by the Department of Human Resources to terminate the parental rights of the father to his four minor children, two girls 16 and 15, and two boys, 14 and 13. Their mother is deceased. The grounds alleged were that the children were abandoned, their father had substantially, continuously and repeatedly refused to give them proper parental care and protection; they were deprived and neglected without proper parental care and control necessary for their physical, mental, moral and emotional health; and their father was unfit because of his conduct. The father is in the state penitentiary on conviction for the rape of one of the daughters.[1]

Counsel for the father moved for a continuance on the ground that under the Fourteenth Amendment and its counterpart of the State Constitution the father had a right to have his attorney interview the four children prior to the hearing. The court granted his motion, and specifically directed the department to produce the four children on a date certain at which time each would be interviewed separately and privately by counsel for the father with no one else present. "The interview is to be expressly private and neither the Department of Human Resources personnel or counsel for the Department . . . or anyone else (other than the child and Mr. Burke[2]) will be permitted to be present during the interview." The order recited that the court had previously approved a request by the DHR that the specific location of the children, who had been placed in foster homes, would not be revealed to the father or anyone acting for him, that the whereabouts of the children was unknown to the father and his counsel

---

[1] *Williams v. State,* 234 Ga. 258 (215 SE2d 260) (1975).
[2] Counsel for the father.

who had unsuccessfully attempted to obtain this information, and that the "Court regards the order as being one authorized . . . in its discretion under the peculiar circumstances present, and . . . does not feel bound strictly by the discovery rules in civil cases in a Juvenile Court setting."

DHR's application on behalf of the children for an interlocutory appeal was granted.

This court firmly supports the right of due process in all proceedings, but neither the Fourteenth Amendment nor the corresponding provision of our State Constitution (Code § 2-103), relied upon in support of the father's motion, mandates pre-trial discovery in proceedings to terminate parental rights. The Civil Practice Act, although not in itself applicable to juvenile courts but which may be adopted as to procedures not specifically provided for in the Juvenile Code,[3] does not embrace an order for private interview of an adverse party without the presence of that party's counsel. The Juvenile Court Code does grant to a party the basic rights "to introduce evidence and otherwise be heard on his own behalf, and to cross-examine adverse witnesses." Code Ann. § 24A-2002 (a). That provision is an implementation of the constitutional right.

We are unable to agree with the order of the able trial judge granting to the father's counsel private interviews with each child, with no one else present. The Juvenile Court Code provides that it be "liberally construed to the end that children whose well-being is threatened shall be assisted and protected and restored . . ." Code Ann. § 24A-101. " 'A termination hearing seeks above all else the welfare of the child, with due regard for the rights of the natural and adoptive parents. [The judge] will realize that the natural parents must be cautioned, informed, counseled, and protected; he will realize that the adoptive parents must likewise be protected, that their reliances and exceptions should be strongly considered. And, after

---

[3] *English v. Milby,* 233 Ga. 7 (209 SE2d 603) (1974); *Crook v. Dept. of Human Resources,* 137 Ga. App. 817, 818 (224 SE2d 806) (1976).

considering the interests of these parties, when the judge is faced with the final decision in an adoption [or termination] case, he will ponder again that ancient question, "Is it well with the child?"' Katz, Judicial and Statutory Trends in the Law of Adoption, 51 Georgetown Law Journal, 64, 69, 95." *In re Levi,* 131 Ga. App. 348, 352 (3) (206 SE2d 82) (1974).

An affirmative answer to that question, "Is it well with the child?" should not be risked by requiring the child to submit privately and alone to an interview by his father's counsel. We fail to see that justice would be promoted thereby, and do envision the perils thereto by such procedure. The father's rights provided by the Juvenile Court Code are adequate and proper to insure him a fair hearing. Code Ann. § 24A-2002 (a), supra.

We reverse and remand to the trial court with direction that the order directing that the children be produced for private interview by counsel for the father be vacated.

*Judgment reversed and remanded. Deen, P. J., and Marshall, J., concur.*

ARGUED JANUARY 7, 1977 — DECIDED
JANUARY 13, 1977.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Lois F. Oakley, Assistant Attorneys General,* for appellant.

*J. Clayton Burke, Jr.,* for appellees.