A97A1836. IN THE INTEREST OF S. N. N., a child.
(495 SE2d 602)

RUFFIN, Judge.

The mother of five-year-old S. N. N. petitioned the juvenile court to terminate the parental rights of the natural father. The father appeals, asserting there was insufficient evidence supporting the juvenile court's order terminating his rights. For reasons which follow, we affirm.

"The question on appeal is whether, after reviewing the evidence in a light most favorable to the lower court's judgments, 'any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.' [Cit.] This Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's factfinding and affirm unless the appellate standard is not met. [Cit.]" *In the Interest of R. N.*, 224 Ga. App. 202 (480 SE2d 243) (1997).

The evidence shows that the father has a substantial criminal history, with numerous felony convictions both before and after S. N. N.'s birth. Specifically, on November 29, 1983, he was sentenced to serve five years for possession of LSD. On May 24, 1984, the father was convicted of two counts of selling cocaine and sentenced to serve twelve years in confinement. On December 10, 1990, he was sentenced to serve ten years for trafficking in marijuana. S. N. N. was born on December 28, 1990. S. N. N.'s mother and father divorced in September 1993. The divorce decree required the father to pay $35 per week for child support. The father claimed that he was denied visitation and intentionally ceased paying child support after January 1995. On July 17, 1996, the father was convicted of two counts of violating the Georgia Controlled Substances Act and one count of possession of a firearm by a convicted felon. He was sentenced to

serve 15 years for those offenses and was serving that sentence at the time of the termination hearing. According to the mother, the father has never attempted to see the child, never sent the child a letter and called the child only once, which was over a year before the hearing.

1. There was sufficient evidence to support the termination. "Although imprisonment alone does not always compel . . . termination of parental rights, it will support such a ruling when adequate aggravating circumstances are shown to exist. Thus, in determining whether a child is without proper parental care and control, OCGA § 15-11-81 (b) (4) (B) (iii) provides the court *shall* consider, without being limited thereto, the conviction and imprisonment of a parent for a felony offense which has a demonstrable negative effect on the quality of the parent-child relationship. . . . [W]here, as in this case, an incarcerated parent has a criminal history of repetitive incarcerations for the commission of criminal offenses or parole violations, this constitutes an additional factor which may be considered in determining whether the child *presently* is without the proper parental care and control of the offending parent, and that such is likely to continue." (Citations and punctuation omitted; emphasis in original.) *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344) (1992).

In this case, the evidence is clear and convincing that since January 1995, the father provided no care for the child, financial or otherwise. His past and current criminal incarcerations evidence a patent disregard for the child's welfare and that the pattern of deprivation is likely to continue. The father simply ignores reality in asserting that his relative abandonment of the child will not cause her serious physical, mental, emotional, or moral harm. It is clearly in the best interests of the child that the parental rights be terminated. See OCGA § 15-11-81 (a); *L. F.*, supra.

2. We find no merit in the second enumeration of error, which, in violation of OCGA § 5-6-40, asserts three different errors.

(a) Based on the evidence discussed in Division 1, the juvenile court properly found that the child was deprived.

(b) We are not aware of any authority that requires a party to file a contempt action to enforce court-ordered child support payments as a prerequisite to relying on the failure to pay as a ground for termination. See OCGA § 15-11-81 (b) (2).

(c) The father never moved the juvenile court to dismiss the termination petition on the ground that it did not specifically allege that the child was "deprived," and such an assertion cannot be reviewed for the first time on appeal. See *In re S. D. S.*, 166 Ga. App. 344 (1) (304 SE2d 85) (1983). In any event, a motion made on these grounds would have been properly denied inasmuch as the petition stated in "ordinary and concise language the facts demonstrating the nature of the [father's] alleged failure to provide proper parental care or con-

trol. . . ." *In the Interest of D. R. C.*, 191 Ga. App. 278 (1) (381 SE2d 426) (1989).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 8, 1998.

*Michael R. McCarthy*, for appellant.
*Little & Adams, Sam F. Little, Jerry W. Moncus*, for appellee.