595 S.E.2d 607 (2004)
265 Ga. App. 795
In the Interest of B. S., a child.
No. A04A0515.
Court of Appeals of Georgia.
February 23, 2004.
*608 O'Brien & Koontz, David J. Koontz, Marietta, for Appellant.
Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Assistant Attorney General, Atlanta, Edwards, Friedwald & Grayson, Betty R. Blass, Marietta, for Appellee.
BLACKBURN, Presiding Judge.
Appellant, the biological mother of B.S., appeals the trial court's termination of her parental rights, contending that the evidence was insufficient to support the termination. For the reasons set forth below, we affirm.
The standard of review [pertinent to appellant's] challenge[s] to the sufficiency of the evidence is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.... In the Interest of A. C.[1] We defer to the trial court's factfinding and affirm unless the appellate standard is not met.... In the Interest of S.N. N.[2]
(Punctuation omitted.) In the Interest of A.S.O.[3]
Viewed in this light, the evidence shows that, prior to the birth of B.S., appellant had six other children, and her rights had been terminated as to all of these children for, among other things: continuous use of crack cocaine, failure to establish a permanent home, failure to complete a drug rehabilitation program, and failure to provide any child support.
At the time that B.S. was born, appellant was incarcerated for violating her probation for crimes of forgery and prostitution. Two days after B.S.'s birth, on August 12, 2002, the juvenile court entered an uncontested finding and order that B.S. was deprived and, due to the appellant's past conduct with regard to her prior children, no plans for reunification with B.S. were warranted. Appellant never appealed these findings.
Subsequently, the Department of Family and Children Services filed a motion for termination of appellant's parental rights to B.S., and a hearing was held. At the hearing, appellant admitted that her rights to all six of her prior children had been terminated because, in essence, she did not care about having them at the time. She acknowledged her long history of crack addiction, her failure to complete a drug rehabilitation program either before or after B.S.'s birth, her failure to attend classes on addiction during her incarceration after B.S.'s birth, and her use of cocaine while she was pregnant with B.S. Based on these facts, we cannot say that the trial court improperly terminated appellant's parental rights.
Termination of parental rights under OCGA § 15-11-94 requires a juvenile court to find that there is clear and convincing evidence of parental misconduct or inability and that termination is in the *609 child's best interest. Subsections (a) and (b)(4)(A) of that Code section require a court to determine parental misconduct or inability by finding each of four factors: (1) the child is deprived; (2) the lack of proper parental care or control is the cause of the deprivation; (3) the cause of the deprivation is likely to continue or will not likely be remedied; and (4) continued deprivation is likely to cause serious physical, mental, emotional, or moral harm to the child.
In the Interest of T.J. J.[4] Each of these four factors will be considered below.
There is no issue in this case as to whether B.S. was deprived. Appellant failed to appeal the trial court's prior order regarding deprivation, and, as such, she is now bound by this prior finding in this appeal. In the Interest of E. C.[5]
The evidence supports the trial court's finding that appellant's lack of parental care and control caused B.S.'s deprivation.[6] In making this finding, the trial court appropriately considered the effects of appellant's long history of chronic unrehabilitated drug use and the question of whether this abuse prevented appellant from adequately providing for the health and welfare of B.S.[7] The trial court was also able to consider appellant's imprisonment and any negative effect it had or would have on her relationship with B.S.[8]
Finally, the trial court was guided by OCGA § 15-11-94(b)(4)(C)(i) and (ii), which indicated that, if a child has not been in the custody of the parent, the court may consider whether the parent has, without justifiable cause, failed significantly for a period of one year or longer prior to the filing of the termination petition, to develop and maintain a parental bond with the child or to provide care and support for the child. In this case, it was uncontested that the appellant had almost no contact with B.S. and had provided no support for her.[9]
The third and fourth determinations are whether the deprivation is likely to continue and whether the child will suffer serious physical, mental, emotional, or moral harm as a result of such continued deprivation. OCGA § 15-11-94(b)(4)(A)(iii), (iv). In making these determinations, the juvenile court may consider evidence of present parental misconduct or inability, as well as evidence of past misconduct. "Such an inference is appropriate, since the juvenile court is not required to reunite [a child with a parent] in order to obtain current evidence of deprivation or neglect." In the Interest of E. C., supra at 16, 482 S.E.2d 522. "Furthermore, past conduct during periods of freedom is also a good harbinger of whether deprivation will likely continue after incarceration." (Punctuation omitted.) In the Interest of B.L. H.[10]
In this case, appellant admitted that, due to her drug addiction and past nonchalance, her rights to all six of her previous children had been terminated. Despite this past history, appellant made no significant attempts to attend an addiction course after B.S.'s birth, despite the fact that B.S. had been found deprived and she was aware that a plan of nonreunification had been entered. And although appellant claims that she is now prepared to turn her life around, the decision as to children's futures must be based on more than positive promises that are contrary to negative past fact. In the Interest of T. W.[11] In light of this egregious *610 past history, the evidence supported the trial court's termination of appellant's parental rights to B.S.
Finally, we note that, although appellant now contends that the trial court erred in its prior order when it determined that nonreunification was appropriate for B.S., appellant never appealed that prior order. As such, she waived her rights to do so. In the Interest of E. C., supra.
Judgment affirmed.
BARNES and MIKELL, JJ., concur.
NOTES
[1] In the Interest of A. C., 230 Ga.App. 395, 396(1), 496 S.E.2d 752 (1998).
[2] In the Interest of S.N. N., 230 Ga.App. 109, 495 S.E.2d 602 (1998).
[3] In the Interest of A.S. O., 243 Ga.App. 1(1), 530 S.E.2d 261 (2000).
[4] In the Interest of T.J. J., 258 Ga.App. 312, 314, 574 S.E.2d 387 (2002).
[5] In the Interest of E. C., 225 Ga.App. 12, 14-15, 482 S.E.2d 522 (1997).
[6] OCGA § 15-11-94(b)(4)(B)(ii).
[7] 0CGA § 15-11-94(4)(4)(B)(ii).
[8] OCGA § 15-11-94(b)(4)(B)(iii).
[9] We note that, although B.S. was only five months old when termination occurred and the child had not been separated from its mother for a year or more, the results here do not change. Separation for a year is not an automatic requirement prior to a termination. See, e.g., In the Interest of A.M. B., 219 Ga.App. 133, 464 S.E.2d 253 (1995).
[10] In the Interest of B.L. H., 259 Ga.App. 482, 485(1), 578 S.E.2d 143 (2003).
[11] In the Interest of T. W., 255 Ga.App. 674, 677(2), 566 S.E.2d 405 (2002).